# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

THOMAS HARE,

    Plaintiff,

v.                                                                                                                         No. 2:19-cv-01091-RB-GJF

BENNET J. BAUR, an individual;
STATE OF NEW MEXICO LAW
OFFICES OF THE PUBLIC DEFENDER;
JENNIFER BIRMINGHAM, an individual;
JAMES WALKER, an individual;
MICHELLE HALEY, an individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Hare claims that the Law Office of the Public Defender of New Mexico (LOPD) discriminated in its failure to hire Hare and subsequently retaliated in sharing false information with his current employer. Before the Court are Hare's motions to join a party (Doc. 41), to change the name of a Defendant in the docket (Doc. 41), to strike the Defendants' pleadings (Doc. 40), and to enter default judgment (Doc. 10). The Court addresses each of these motions below.

**I.    Background**[1]

Hare is an attorney who in 2018 applied for roles with the LOPD in Carlsbad, New Mexico and Roswell, New Mexico. (Doc. 1 (Compl.) at 8.) He claims that LOPD employee Jennifer Birmingham "conspired with James Walker and Michelle Haley . . . to develop a false story about [Hare] presenting a danger to the LOPD and its employees." (*Id.* at 5.) This narrative was later shared with Hare's current employer. (*Id.*)

---

[1] The Complaint (Doc. 1) is not in a traditional format with enumerated paragraphs. Therefore, the Court will use the page numbers of the scattered pieces of the Complaint.

Hare brings this suit pro se under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 and 42 U.S.C. § 1981. (*Id.* at 3.) He also asserts state law claims under N.M. Stat. Ann. §§ 30-13-3, 41-4-1–30, and 41-7-1–6. (*Id.*) Because of the alleged pattern of discrimination and retaliation, Hare seeks: $375,000 in lost wages; $167,887 in lost benefits; and $5,000,000 in punitive damages. (*Id.* at 6.)

## II. Motion to Join a Party

Hare filed a Motion to Join LOPD as a Defendant along with the named individual Defendants in the matter. (Doc. 41.) Under the Federal Rules of Civil Procedure, joinder is allowed if a "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Hare claims that LOPD "is a party in this case, and that liability asserted against the LOPD arises out of its employment relationship with the current Defendants and the same series of transactions or occurrences and implicates common questions of fact and law." (*Id.* at 1.) In response, Defendants "do not oppose joinder of [LOPD] as a party defendant to this suit." (Doc. 43.) Given the parties' consent and that this action arises under federal question jurisdiction, the Court will allow LOPD's joinder.

## III. Motion to Change Name in Caption

Hare also moves to adjust the name of Defendant Baur, from "Ben Baur" to "Bennett J. Baur." (Doc. 41 at 1.) As far as the Court can tell, the purpose of this name change is only to correct and formalize the caption. Given that the Defendants do not oppose the change, (Doc. 43 at 1), the Court will grant the Motion.

### IV. Motion to Strike Pleadings

Though styled as an objection and not a formal motion, Hare moves the Court to "strike all pleadings Defendants have filed," alleging that they have engaged in *ex parte* communication with the Court because they "failed to provide Plaintiff with an official court-stamped copy of their pleadings and failed to provide Plaintiff with Exhibit A contained in the Defendants['] response." (Doc. 40 at 2–3.) As a result, Hare objects to all filings and requests that the Court "strike all pleadings Defendants have filed." (*Id.* at 3.) Defendants call this argument "legally meritless and factually unfounded as no *ex parte* communication has occurred in this case." (Doc. 42 at 1.) Hare cites no "legal authority for his position that filings served on an opposing party without an official court stamp constitute *ex parte* communications. Nothing in the Federal Rules of Civil Procedure requires Defendant to send Plaintiff a 'stamped' copy of a Motion or Pleading in order to properly complete service." (*Id.* at 2.) Moreover, service "was accomplished via mail due to [Hare's] express request for this form of service." (*Id.*) And "Defendants have submitted Certificates of Service to this Court for each filing." (*Id.*)

The Court sides with Defendants. With each filing, Defendants have provided a certificate of service to the Court, stating that the respective document was mailed to Hare. (*See* Docs. 25; 35.) The Court also agrees with Defendants that, as an attorney, Hare should be able to navigate the docket or reach out to Defendants directly before summoning judicial resources to address this simple matter. As such, the Motion to Strike the Defendants' pleadings (Doc. 40) is denied.

### V. Motion for Entry of Default

Finally, Hare argues that a default judgment is appropriate against Baur, Birmingham, and Haley. (Doc. 10.) These three Defendants were each served on November 26, 2019. (Docs. 6; 8; 9.) Their Answers were due on December 17, 2019. Defendant Walker was served on December

3

5, 2019, making his answer due on December 26, 2019. Rather than file an answer on December 17, the three earlier-served Defendants served a joint answer with Defendant Walker on December 26, 2019. (Doc. 11.) On December 23, 2019, Hare filed his Motion for Entry of Default. (Doc. 10.)

A default judgment is appropriate when the "claim is for a sum certain" and "the clerk— on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b). The Tenth Circuit, however, does not favor the use of default judgments. *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012); *Petersen v. Carbon Cty.*, 156 F.3d 1244, at *4 (10th Cir. 1998); *Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988). Accordingly, this Court has held that when an answer is filed, no default can occur. *United States v. New Mexico*, No. CV 01-072 BB/WDS, 2010 WL 11603052, at *2 (D.N.M. Mar. 16, 2010). "The fact that the answer was late does not make a default appropriate, in the absence of bad faith on the part of Defendant and in light of the fact that Plaintiffs suffered no prejudice . . . ." *Id.* (citing *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486 (10th Cir. 1995)). Moreover, "[t]he filing of a late answer may be construed as a motion to set side an entry of default. A district court has discretion to permit the late filing of an answer" for good cause. *Cordova v. Peavey Co.*, No. CV 01-1026 WJ/KBM, 2004 WL 7337730, at *1 (D.N.M. Apr. 9, 2004) (citations omitted) (invoking Fed. R. Civ. P. 55(c)).

Here, the Defendants filed their Answer a few days late, after all four of the Defendants had been served. Since then, they have actively litigated the matter, appropriately filing responses to Hare's motions. (Docs. 42; 43.) No bad faith has been alleged regarding the late Answer, and the Court cannot think of any malicious reason for filing the document a few days after it was due. In addition, Hare suffered no prejudice as a result of the late filing. Considering that the judicial

system disfavors default judgments and prefers to reach cases on their merits, the Court will deny Hare's Motion for Entry of Default. (Doc. 10.)

## VI. Docket Management

The Court also takes note of the numerous objections that Hare has filed throughout the litigation. (*See* Docs. 19; 22; 31; 40.) As a trained attorney, Hare should understand that motions and filings should conform to the District Court of New Mexico's Local Rules, and pre-trial matters will follow the same requirements for briefing. *See* D.N.M. LR-Civ. 72.1. This requires that the motion should "cite authority in support of the legal positions advanced" among other formatting requirements. D.N.M. LR-Civ. 7.3. The Court has limited resources, and the repetitive and unnecessary filings from Hare hinder the Court's ability to manage its docket. As a lawyer, Hare should understand the proper form to address his concerns throughout the litigation. The Court takes this opportunity to warn Hare that continuing to file repetitive and needless objections could result in sanctions. Please continue to address the Court by filing formal motions, responses, and replies, unless otherwise appropriate under the Local Rules. As such, the Court will strike Hare's objections from the docket.

**THEREFORE**,

**IT IS ORDERED** that Hare's Motion to Join LOPD (Doc. 41) is **GRANTED**;

**IT IS FURTHER ORDERED** that Hare's Motion for a name change (Doc. 41) is **GRANTED**;

**IT IS FURTHER ORDERED** that Hare's Motion to Strike (Doc. 40) is **DENIED**;

**IT IS FURTHER ORDERED** that Hare's Motion for Entry of Default (Doc. 10) is **DENIED**;

**IT IS FURTHER ORDERED** that Hare's objections (Docs. 19; 22; 31; 40) are stricken from the docket.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**