UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

THOMAS HARE,

    Plaintiff,

v.                                                             CV No. 19-1091 RCB/GJF

BEN BAUR, *Chief Public Defender, State of New Mexico Law Offices of the Public Defender*, et al.

    Defendants.

## ORDER IMPOSING SANCTIONS

This matter is before the Court *sua sponte*. For the following reasons, the Court will order Plaintiff to pay to Defendants' counsel, Michael Bebeau, Esq., monetary sanctions representing a reasonable amount of attorney's fees incurred by Mr. Bebeau in connection with appearing at a hearing at which Plaintiff inexcusably failed to show.

## PROCEDURAL HISTORY

This Court ordered the parties to attend a telephonic status conference on May 21, 2020, [ECF 29], but Plaintiff (Thomas Hare, Esq., proceeding pro se) did not appear. *See* ECF 51 (clerk's minutes reflecting defense counsel's appearance and Plaintiff's failure to appear). This Court issued an Order to Show Cause [ECF 53] requiring Plaintiff to provide a written explanation of his absence. ECF 53. The order warned Plaintiff that the Court was contemplating a sanction that would require him to reimburse defense counsel's fee for preparing for and attending the aborted hearing. *Id.* The Court rescheduled the telephonic status conference for June 9, 2020. ECF 52.

Plaintiff filed his response to the Order to Show Cause, albeit four days late, in which he explained that he "did not show up for [this Court's] *illegal hearing* on May 21, 2020 because [he] withheld consent to that hearing pursuant to Fed. R. Civ. Pro. 73." ECF 54 at 2 (emphasis added).

According to Plaintiff, this Court "knew or had reason to know that [it] did not have the authority to conduct the May 21, 2020 hearing because of [his] prior Notice of Non-Consent." *Id*. at 3. Plaintiff further complained that this Court "knew or should have known that the case was reassigned to Senior District Judge Robert C. Brack [] on February 18, 2020." *Id*. Plaintiff accused this Court of engaging in "judicial activism" for holding the May 21, 2020, hearing even though his refusal to consent applied only to the initially-assigned *trial judge*. *Id*.[1]

Plaintiff appeared by telephone at the rescheduled status conference. *See* ECF 55 (clerk's minutes). At the beginning of that status conference, the Court took pains to explain to Plaintiff that the law does not permit him to object to the assignment of the *pretrial* magistrate judge, but only to the *trial* magistrate judge. *See* ECF 60 (transcript of hearing) at 2-4. Plaintiff continued to insist that neither 28 U.S.C. § 636, *et seq.*, nor Federal Rule of Civil Procedure 73 permitted this Court to continue in its capacity as the *pretrial* magistrate judge assigned to this case. *Id.* at 3-4. As the objections were groundless, unfounded, and wrong, the Court overruled them. *Id.* at 4. The Court found that the reasons offered by Plaintiff in defense of missing the preceding hearing "do not meet the legal standard for good cause[.]" *Id.*

---

[1] The Court's authority to continue to serve as the pretrial magistrate judge is plain. "A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court[.]" 28 U.S.C. § 636(b)(1)(A). Further, the Federal Rules of Civil Procedure expressly permit "a pretrial matter not dispositive of a party's claim or defense [to be] *referred* to a magistrate judge to hear and decide . . . ." Fed. R. Civ. P. 72(a) (emphasis added). . In this district, that referral takes the form of a local rule. Pursuant to authority granted under 28 U.S.C. § 2071 and Federal Rule of Civil Procedure 83, the U.S. District Court for the District of New Mexico long ago promulgated a local rule that permits the assignment of "every civil case, excluding Social Security appeals, [to] a Magistrate Judge . . . as pre-trial Magistrate Judge" to "preside over all non-dispositive pretrial matters in accordance with Fed. R. Civ. P. 72(a)." D.N.M.LR-Civ. 73.1(a). Thus, a standing referral order applies in this case and Plaintiff is powerless to object to that referral. His only recourse lies in his ability to object to the pretrial magistrate judge's rulings pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a), which objections then are decided by the presiding trial judge.

2

**COURT'S INHERENT AUTHORITY**

"It has long been understood that 'certain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also United States v. Hudson*, 11 U.S. 32, 7 Cranch 32, 34, 3 L.Ed. 259 (1812) (same). That is, "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers*, 501 U.S. at 43 (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)). "Among these indefeasible powers is a court's 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.' *Farmer*, 791 F.3d at 1255 (quoting *Chambers*, 501 U.S. at 44-45).[2] "Accordingly, the authority of a court to impose attorney-fee sanctions upon a party for bad-faith misconduct depends . . . 'on how the parties conduct themselves during the litigation.... [t]he party, by controlling his ... conduct in litigation, has the power to determine whether sanctions will be assessed." *Id*. (quoting *Chambers*, 501 U.S. at 53). Attorney's fee sanctions may be "rooted in statute, rule, or a court's inherent authority." *See id.* at 1256. The sanction imposed herein is rooted in the Court's inherent authority.[3]

---

[2] Put succinctly, "[s]ome elements of [an Article III court's] inherent authority are so essential to the judicial Power . . . that they are indefeasible, among which is a court's ability to enter orders protecting the integrity of its proceedings." *Farmer*, 791 F.3d at 1255 (quoting *Chambers*, 501 U.S. at 58 (Scalia, J., Dissenting)).

[3] Even though Plaintiff is representing himself, he is a licensed attorney. Nonetheless, in addressing Plaintiff's misconduct in refusing to appear at the aforementioned hearing, the Court is not relying on 28 U.S.C. § 1927, which permits a court to impose substantial monetary sanctions against "[a]ny attorney . . .who . . .multiplies the proceedings in any case unreasonably and vexatiously[.]"

**DISCUSSION**

Having considered Plaintiff 's written explanation and the comments he offered at the June 9th status conference, the Court finds that his violation of its order was manifestly inexcusable and entirely devoid of legal merit.  While the Court might ordinarily excuse a *pro se* litigant's failure to understand the interplay between 28 U.S.C. § 636 and Federal Rules of Civil Procedure 72 and 73, the Court will not excuse Plaintiff's failure.  He is a trained, licensed, and experienced attorney whose career in the law required him to read and faithfully apply statutes and rules.  The Court finds that his failure to do so in this instance – and then his intentional decision to ignore a court order and skip a mandatory hearing – was unreasonable and amounts to an abuse of the judicial process warranting correction.[4]

In its discretion, however, the Court will impose only modest monetary sanctions.  The Court believes that limiting sanctions in such a measured and principled way will nonetheless effectively express its profound disapproval of this violation and deter any similar violations in the future.

The Court required Mr. Bebeau to document the amount of time he spent preparing for and attending the telephonic status conference that Plaintiff's intentional absence forced the Court to abort.  ECF 57 (order requiring accounting).  Mr. Bebeau complied.  *See* ECF 58-59 (bill of costs and affidavit in support).  The Court has considered Mr. Bebeau's submission, as well as Plaintiff's response thereto [ECF 68].  While the Court has no reason to question the accuracy of Mr. Bebeau's submission, the Court in its discretion finds that Plaintiff should be held responsible only for two (2.0) hours of the requested time.  The Court finds a flat two hours to be a reasonable

---

[4] In the event that Plaintiff decides to appeal this Order, the Court notes that the Tenth Circuit reviews "the imposition of an attorney-fee sanction, whether rooted in statute, rule, or a court's inherent authority, only for an abuse of discretion."  *Farmer*, 791 F.3d at 1256 (citing *Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1084–85 (10th Cir. 2009)).

amount for an attorney of Mr. Bebeau's experience and skill to prepare for and attend a status conference of this kind in a case of this kind.

Accordingly, **IT IS HEREBY ORDERED** that **on or before July 17, 2020,** Plaintiff shall:

(1) Remit the sum of $271.72 to Michael Bebeau, Esq., of Miller Stratvert PA, at his mailing address of record;[5] and

(2) File a "Notice of Satisfaction of Sanctions" when the monetary sanction has been paid in full.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court computed the payment by multiplying the two hours by Mr. Bebeau's hourly rate of $125 in this case and adding gross receipts taxes in accordance with the 8.6875% that currently applies in Santa Fe County, New Mexico.

5