IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS HARE,

      Plaintiff,

v.                                                  No. CIV 19-1091 RB/GJF

BEN BAUR, CHIEF PUBLIC DEFENDER,
STATE OF NEW MEXICO LAW OFFICES
OF THE PUBLIC DEFENDER, JENNIFER
BIRMINGHAM, an individual, JAMES
WALKER, an individual, and MICHELLE
HALEY, an individual,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants' Motion for Additional Time to Conduct Discovery under Rule 56(d) in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 71). For the reasons that follow, the Court will deny the motion and direct Defendants to substantively respond to the motion.

**I.  Relevant Procedural Background**

Dr. Thomas Hare, an attorney proceeding pro se, filed his Complaint on November 22, 2019. (Doc. 1.) Dr. Hare asserted claims against Defendants Bennett Baur, Jennifer Birmingham, Michelle Haley, James Walker, and the State of New Mexico Law Offices of the Public Defender (LOPD) under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17, 42 U.S.C. § 1981, and N.M. Stat. Ann. §§ 30-13-3, 41-4-1–30, and 41-7-1–6. (*Id.* at 3.) Dr. Hare filed a Motion for Entry of Default on the basis that Baur, Birmingham, and Haley filed their Answer—jointly with the later-served Walker—nine days late. (*See* Docs. 10; 45 at 3–5.) The Court denied Dr. Hare's

motion, as Defendants had actively litigated after their untimely Answer, no bad faith had been alleged, and Dr. Hare suffered no prejudice as a result of the late filing. (*See* Doc. 45 at 3–5.)

United States Magistrate Judge Gregory J. Fouratt held a telephonic Rule 16 Hearing on February 13, 2020, and entered a scheduling order the following day. (*See* Docs. 27; 28.) The scheduling order provides that discovery ends on September 11, 2020. (Doc. 28 at 2.) Defendants served written discovery requests on Dr. Hare on February 20, 2020. (*See* Doc. 35.) After sending Dr. Hare a good faith letter on March 26, 2020, Defendants received unsworn discovery responses on April 14, and sworn responses on April 22, 2020. (*See* Doc. 71-A ¶¶ 6(B)–(D).) Still dissatisfied with the responses, attorney for Defendants, Mr. Michael Bebeau, mentioned at a June 9, 2020 status conference that he was "currently drafting a Rule 37 letter" to Dr. Hare regarding the February discovery requests and that "[d]epending on discovery motions[,]" Defendants were also considering additional written discovery. (*See* Doc. 60 at 8:21–25, 9:6–8.) Mr. Bebeau also gave notice that Defendants intend to depose Dr. Hare. (*Id.* at 9:9–10.)

It is now early August, and to date, Defendants have not filed a discovery motion related to the February discovery requests, nor have they served additional written discovery requests. Nearly two weeks after they filed the Rule 56(d) Motion, Defendants sent Dr. Hare a letter regarding deposition scheduling. (*See* Docs. 80 ¶ 1; 80-1.) Defendants asked Dr. Hare to select a date for a seven-hour deposition, providing a range of dates from August 10–21, 2020. (*See* Docs. 80 ¶ 2; 80-1.) Dr. Hare has informed Defendants that due to "issues related to the COVID-19 crises, preparation for the start of the 2020 Fall Semester, and [his] obligations . . . to complete research[,]" he is not available at all for a deposition through the end of the discovery period, September 11, 2020. (Doc. 80 ¶¶ 3–4; *see also* Doc. 80-2.) Defendants have not filed any kind of motion relating to their deposition request.

Dr. Hare filed a Motion for Summary Judgment on June 18, 2020, seeking summary judgment on his federal retaliation claims under Title VII and 42 U.S.C. § 1981.[1] (*See* Docs. 61; 64.) Rather than responding to the motion, Defendants filed their Rule 56(d) Motion on July 2, 2020. (Doc. 71.) Defendants contend that they need time to conduct motions practice and depositions related to Dr. Hare's claims, as he "failed to comply with his obligation under the Federal Rules of Civil Procedure to provide sufficiently, timely, and complete discovery responses[,]" and they do not have evidence necessary to properly respond to his motion. (*Id.* at 2–3.)

## II.     Legal Standard

Under Federal Rule of Civil Procedure 56(d),

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d); *see also Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993). "The general principle of Rule 56[(d)] is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (quotation marks omitted). "Rule 56(d) does not require, however, that summary judgment not be entered until discovery is

---

[1] Dr. Hare advances several facts purporting to establish "that Defendants consented to [his] claims by filing late responsive pleadings . . . ." (Doc. 75 ¶ 59; *see also* Doc. 64 ¶¶ 2–14.) Given these assertions, Defendants were under the impression that Dr. Hare was attempting to relitigate his entitlement to default judgment. (*See* Doc. 71 at 2.) Dr. Hare responds that Defendants' impression is erroneous. (Doc. 75 ¶ 59 ("Plaintiff objects to and opposes Defendants' motion for additional time on the basis that it erroneously claims that Plaintiff spends time trying to make the case that he is entitled to a default and default judgment. Defendants misconstrue Plaintiff's argument.")) Thus, whether Dr. Hare is entitled to default judgment—an issue the Court has already decided (*see* Doc. 45)—is not at issue in his Motion for Summary Judgment. Rather, Dr. Hare simply puts Defendants' consent to his lawsuit at issue in his recitation of the material facts.

3

complete." *Lopez v. Delta Int'l Mach. Corp.*, 312 F. Supp. 3d 1115, 1137 (D.N.M. 2018), *aff'd sub nom. Lopez v. Stanley Black & Decker, Inc.*, 764 F. App'x 703 (10th Cir. 2019) (citing *Price*, 232 F.3d at 784).

The Rule 56(d) movant must file an affidavit or declaration and "state with specificity how the desired time would allow it to meet its burden in opposing summary judgment." *Id.* (citing *Jensen*, 998 F.2d at 1554). "Rule 56(d) may not be invoked based solely upon the assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Id.* (citing *Jensen*, 998 F.2d at 1554). "Moreover, while the summary judgment movant's exclusive control of information weighs heavily in favor of relief under 56(d), merely asserting such is insufficient to justify denial of summary judgment." *Id.* (citations omitted). "Furthermore, 'if the party filing the Rule 56[(d)] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted.'" *Id.* (quoting *Jensen*, 998 F.2d at 1554 ("denying a 56(d) request stating 'the record reflects that plaintiffs were dilatory in pursuing discovery prior to the filing of their 56[(d)] affidavit'")) (citing *Johnson ex rel. Cano v. Holmes*, 377 F. Supp. 2d 1039, 1044–45 (D.N.M. 2004) ("denying a 56(d) request where plaintiff did not explain why, during the discovery period that the court allowed, he did not obtain the discovery sought in his motion")).

A Rule 56(d) movant invokes the Court's discretion. *See Jensen*, 998 F.2d at 1553–54 (citation omitted). "Unless dilatory or lacking in merit," a Rule 56(d) motion "should be liberally treated." *Id.* at 1554 (quotation and citation omitted).

**III.     Analysis**

Defendants largely ground their motion on their contention that Dr. Hare has failed to comply with his discovery obligations. (*See* Docs. 71 at 4–5; 81 at 2–3.) Yet, Defendants have

4

been aware of his allegedly insufficient responses since mid-March and have been considering related motion practice since at least early June. (*See, e.g.*, Doc. 60 at 8:21–25.) Under this Court's Local Rules, a party with objections to discovery responses "must proceed under [Rule] 37.1 within [21] days after production or inspection of the documents." D.N.M. LR-Civ. 26.6. The Rule provides that "[f]ailure to proceed within this time period constitutes acceptance of the objection" unless the Court, for good cause, changes the 21-day period. *Id.* Defendants have not advanced any reason to demonstrate good cause for their failure to file a motion regarding Dr. Hare's April discovery responses. The Court will not manufacture such an argument for Defendants, nor will it allow Defendants to use this delay in pursuing relief to serve as a basis for their Rule 56(d) motion.[2]

Mr. Bebeau, in his affidavit, points to a number of facts on which he believes discovery is necessary. (*See* Doc. 71-A.) Many of these facts, however, are not necessary to respond to the pending motion. Specifically, information regarding Dr. Hare's claims for damages is irrelevant at this stage. (*See id.* ¶¶ 4(B), (E)–(I).) Additionally, Mr. Bebeau argues that he requires discovery regarding the defamatory tort claims. (*Id.* ¶ 4(D).) In response, however, Dr. Hare clarifies that his motion is "not based on any state tort law claim."[3] (Doc. 78 ¶ 7.)

Defendants broadly argue that "[b]ecause [Dr. Hare] has not identified any actual factual basis for his claims or provided any supporting evidence that Defendants could analyze in

---

[2] In so ruling, the Court makes no finding about whether there is good cause to extend the 21-day period under Rule 26.6.

[3] Dr. Hare continues that Defendants Birmingham, Walker, and Haley were "acting within the scope of [their] duties when" they allegedly "concoct[ed] their fake story" about him. (Doc. 78 ¶ 8.) Thus, he concedes, "it is clear that no state tort law claim is applicable in this case" as they "are entitled to qualified immunity from state tort law claims under the New Mexico Tort Claims Act [(NMTCA)] and associated provisions in [N.M. Stat. Ann.] §§ 41-4-1 through 41-4-30 and 41-7-1 through 41-7-6." (Doc. 78 ¶¶ 8–9.) The Court agrees with the import of Dr. Hare's concession, *see Salazar v. City of Albuquerque*, 776 F. Supp. 2d 1217, 1243–44 (D.N.M. 2011) (citing *Candelaria v. Robinson*, 606 P.2d 196, 200 (N.M. Ct. App. 1980) ("stating that unless a plaintiff alleges defamation by a law enforcement officer, immunity is not waived under the [NM]TCA")), and will dismiss the claims under §§ 41-4-1–30 and 41-4-1–6 against Defendants Birmingham, Walker, and Haley. As it is unclear from his Complaint whether Dr. Hare intends to bring claims under the NMTCA against Defendants Baur or LOPD, the Court will not dismiss those claims in their entirety.

discovery, Defendants require additional time to engage in depositions and motions practice to identify unavailable facts before they can fairly respond to" the motion. (Doc. 71 at 6.) They further state that Dr. Hare "appears to base his argument on a single piece of evidence, an alleged 'voluntary confession' by Defendant Jennifer Birmingham in an email message." (Doc. 81 at 3.) They argue that this "confession" "is insufficient to meet his burden for the purposes of summary judgment and cannot negate the probable facts that Defendants plan to elicit during discovery." (*Id.*) Mr. Bebeau specifically asserts that Defendants require discovery on "[t]he nature, type, and contents of Plaintiff's prior EEOC activity that he uses as the basis for his retaliation claim . . . ." (Doc. 71-A ¶ 4.) The Court finds that the requested discovery is not *essential* to oppose the motion. *See Price*, 232 F.3d at 783. As it is Plaintiff's burden to prove each element of his retaliation claims, Defendants are free to make this same argument in their response. *See*, *e.g.*, *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) ("If a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence on an essential element of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

In short, the Court finds that Defendants have failed to show that they need discovery to uncover facts essential to oppose the pending dispositive motion. Thus, the Court will deny the Rule 56(d) motion and direct Defendants to file their substantive response no later than August 19, 2020.

The Court pauses to comment on the current state of discovery. There is evidence that Defendants have attempted to work with Dr. Hare to arrange a convenient time for a seven-hour deposition. (*See* Doc. 80-1.) Dr. Hare asserts that Defendants' efforts were too little, too late, and he has informed them that he is unavailable for a deposition through the end of the discovery

period. (*See* Docs. 80 ¶ 3–8; 80-2.) Dr. Hare has, however, cited no facts or authority to show that Defendants have been dilatory in noticing a deposition approximately two months before the end of discovery, and the Court makes no finding that their request is generally meritless, a delaying tactic, or demonstrates a lack of diligence.

The Court reminds Dr. Hare that he initiated this lawsuit, and as such, he must continue to diligently pursue it, despite the fact that he lives out of state. The denial of Defendants' Rule 56(d) motion is not to be construed as approval of Dr. Hare's refusal to schedule his deposition. The undersigned directs Dr. Hare to work with Defendants in good faith to find a date for his deposition before discovery ends. If Dr. Hare is unable or refuses to schedule his deposition before the expiration of discovery, he should fully expect that discovery will be extended for that express purpose and that sanctions are available to the Court.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion for Additional Time to Conduct Discovery under Rule 56(d) in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 71) is **DENIED WITHOUT PREJUDICE**, and Defendants are directed to substantively **RESPOND** to the Motion for Summary Judgement no later than **August 19, 2020**. Dr. Hare may file a reply no later than 14 days after Defendants file their response;

**IT IS FURTHER ORDERED** that as Dr. Hare has waived his NMTCA claims against Defendants Birmingham, Walker, and Haley under N.M. Stat. Ann. §§ 41-4-1–30 and 41-7-1–6, the NMTCA claims are **DISMISSED WITH PREJUDICE** against these three defendants.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE