# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THOMAS HARE,

      Plaintiff,

v.                                                              No. 2:19-cv-01091-RB-GJF

BENNETT J. BAUR, an individual;
STATE OF NEW MEXICO LAW
OFFICES OF THE PUBLIC DEFENDER;
JENNIFER BIRMINGHAM, an individual;
JAMES WALKER, an individual; and
MICHELLE HALEY, an individual;

      Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS IN PART

**THIS MATTER** comes before the Court on Plaintiff's Objections to Senior Judge Robert Brack's Memorandum Opinion and Order (Doc. 49), filed April 30, 2020 ("Objections") and Plaintiff's Supplemental Objections to Senior Judge Robert Brack's Memorandum Opinion and Order (Doc. 50), filed May 1, 2020 ("Supplemental Objections").

Plaintiff raises eight objections "to Senior Judge Robert Brack's Memorandum Opinion and Order," which the Court now addresses. The Court notes that some of the objections do not relate to the undersigned's Order, some are redundant, and some are not necessary to preserve issues for appeal. *See Ecclesiates 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling."). Such objections cause the Court and the parties to needlessly expend time and resources. *See* Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment (stating the Court and attorneys, as officers of the Court, have an affirmative duty to ensure that civil litigation is resolved not only fairly, but without undue cost or delay).

**First Objection – No Consent to Magistrate Judge Fouratt**

"Plaintiff objects to [Judge Brack's Order] on the basis that it shows that U.S. Magistrate Judge Gregory Fouratt is still assigned to this case after Plaintiff filed a Notice of Non-Consent for him to be removed from this case." (Doc. 49 at 2.)

The Court overrules Plaintiff's First Objection because Judge Fouratt was properly assigned to preside over all non-dispositive pre-trial matters in this case:

> Rule 83 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2071 authorize this Court to prescribe rules for the conduct of the Court's business. The District of New Mexico's Local Rule 73.1(a), which has been approved by the Article III Judges of the District of New Mexico, refers every civil case, excluding Social security appeals, to a Magistrate Judge "to preside over all non-dispositive pre-trial matters in accordance with Fed. R. Civ. P. 72(a). Judge Fouratt was assigned to be the pre-trial Magistrate Judge in this case on November 22, 2019, pursuant to D.N.M. LR-Civ. 73.1(a).

(Doc. 70 at 1–2.)

**Second Objection – Rule 16 Conference Abuse of Discretion**

Plaintiff asserts that Judge Fouratt erred by holding the Rule 16 scheduling conference before the presiding judge ruled on the requests for default judgments because "given the case law in the Tenth Circuit, which Plaintiff clearly cited in the record in pleadings filed regarding the defaults/default judgments, the case was not ripe at the time for a Telephonic Rule 16 scheduling conference." (Doc. 49 at 2–3.) The Court overrules Plaintiff's objection as moot because, as discussed below, the Court has denied Plaintiff's requests for default judgments.

The Court also overrules Plaintiff's objection that Judge Fouratt "scolded" Plaintiff for requesting defaults and default judgments "by letter to the Clerk of Court." (*Id.* at 3.) Judge Fouratt merely stated that three documents submitted by Plaintiff "have been coded by the Clerk's Office as 'letters'" and explained that "[t]he court acts on motions and other formal requests . . . and you can take this advice for whatever it's worth, but if you want the court to act on something, I think

2

that it's a risky approach for you to simply send in [a] letter rather than something that is more fully captioned." (*Id.* at 4.)

Plaintiff states that Rule 55 "clearly allows Plaintiff to submit written requests to the Clerk's Office for the defaults/default judgments … [and] does not specify the manner in which these requests should be styled or formatted. Moreover, neither the Clerk's Office nor the court has provided Plaintiff with any instructions regarding the matter of filing for defaults/default judgments." (*Id.* at 4–5.)

While the Court and the Clerk have not instructed Plaintiff on format, the Court expects Plaintiff to comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules. Fed. R. Civ. P. 10(a) states:

> **(a) Caption; Names of Parties.** Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Fed. R. Civ. P. 7(b)(2) states: "The rules governing captions and other matters of form in pleadings apply to motions and other papers." D.N.M. LR-Civ. (10.2) states: "The title of a document must clearly identify its substance and any filed document to which it responds."

## Third Objection – Threat of Sanctions

Plaintiff "objects to Judge Fouratt's continued assignment to this case because of his clear demonstration of bias resulting in clear error and abuse of discretion in threatening Plaintiff with potential sanctions for Plaintiff's legitimate objections to Defendants' counsel use [of] a speakerphone at the unsupervised Joint Status Report and discovery Plan telephonic meeting between the parties" "by telling Plaintiff that he does not want to hear this again." (Doc. 49 at 5, 9.)

The Court overrules Plaintiff's Third Objection as untimely. This Objection does not relate to the undersigned's Order (Doc. 45), filed April 1, 2020. It relates to Judge Fouratt's Rule 16 teleconference which was held on January 21, 2020. (*See* Doc. 49 at 6 ¶ 7 (quoting Judge Fouratt's comments "on the record at the Telephonic Rule 16 Conference, January 21, 2020").) Rule 72(a) of the Federal Rules of Civil Procedure states a party may file objections to a Magistrate Judge's pretrial order regarding non-dispositive matters "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a) (stating "A party may not assign as error a defect in the order not timely objected to"). Plaintiff filed his Third Objection on April 30, 2020, which is well outside the time allowed for filing objections to Judge Fouratt's rulings at the Rule 16 teleconference.

**Fourth Objection – Judicial Misconduct Complaint**

Plaintiff's Fourth Objection states:

Plaintiff objects to Judge Fouratt's continued assignment to this case because of the judicial misconduct complaint that Plaintiff has filed against Judge Fouratt for the events cited herein. He should not be assigned to this case when he has clearly demonstrated bias against Plaintiff and has engaged in what Plaintiff believes is judicial misconduct because of his bias.

(Doc. 49 at 9.) Plaintiff's Fourth Objection does not relate to the undersigned's Order (Doc. 45), filed April 1, 2020.

The Court overrules Plaintiff's Fourth Objection because Plaintiff's judicial misconduct complaint is not before this Court.

**Fifth Objection – Erroneous RB Statements in MOO**

"Plaintiff's fifth objection to Judge Brack's order deals with erroneous statements the judge made in various sections of his [order]." (Doc. 49 at 9 ¶ 13.) Plaintiff asserts that the Order erroneously states in the Introduction and Background sections that a Defendant "retaliated by sharing false information with Plaintiff's *current* employer;" Plaintiff's Complaint "claims that the

LOPD shared false information with a *prior* employer." (*Id.* at 9 ¶ 14 (*emphasis added*).) Plaintiff also asserts that the Order makes a misstatement of fact by stating: "Though styled as an objection and not a formal motion, Hare moves the Court to . . . ." (*Id.* at 10 (discussing Doc. 45 at 3).) Plaintiff objects to both "erroneous statement[s] of fact [because they] serve[] as support for Judge Brack's later rulings in the order." (*Id.*) Plaintiff does not explain, though, how these statements served as support for later rulings in the Order.

The Court overrules Plaintiff's Fifth Objection in part because the Court did not rely on those statements in making its rulings. The Court sustains Plaintiff's Fifth Objection in part because the statements are erroneous. The Court strikes "current" and substitutes "prior," and strikes "Though styled as an objection and not a formal motion," in the Court's Order (Doc. 45).

**Sixth Objection – Ex Parte Allegation**

"Plaintiff's sixth objection to [Judge Brack's Order] is that Judge Brack erred in alleging that Plaintiff provided no support for his allegation in the motion that Defendants have engaged in ex parte communications with the court. This is simply false." (Doc. 49 at 10.) Plaintiff asserts he cited and quoted D.N.M. LR-Civ. 7.1(b), which Plaintiff asserts states "Copies of 'filed' documents must be served on all parties." (Doc. 49 at 11 ¶ 17.[1])

The Court overrules Plaintiff's Sixth Objection because Plaintiff mischaracterizes the statement in the Order. The Order did not state "Plaintiff provided no support for his allegation in the motion that that Defendants have engaged in ex parte communications with the court." The Order stated: "Hare cites no 'legal authority for his position that filings served on an opposing party **without an official court stamp** constitute *ex parte* communications.'" (Doc. 45 at 3 (emphasis added).) The only legal authority cited by Plaintiff is D.N.M. LR-Civ. 5.2 which states

---

[1] Plaintiff cites D.N.M.LR-Civ. 7.1(b) in Docs. 44 and 49, but the quoted statement is found in D.N.M. LR-Civ. 5.2, not D.N.M. LR-Civ. 7.1(b).

in relevant part: "Copies of filed documents must be served on all parties." It does not provide that copies of filed documents with an official court stamp must be served on all parties. Parties submit documents for filing without an official court stamp. The Clerk's Office file stamps the documents after they are filed.

### Seventh Objection – Default Rulings

The Court overrules Plaintiff's Seventh Objection based on the following.

Plaintiff served Defendants Baur, Birmingham, and Haley on November 26, 2019. (*See* Docs. 6, 7 and 9.) Their Answers were due on December 17, 2019. Defendant Walker was served on December 5, 2019. (*See* Doc. 8.) His Answer was due on December 26, 2019. Defendants served a joint Answer on December 26, 2019. (*See* Doc. 11.)

On December 23, 2019, the Court received Plaintiff's letter stating that Defendants Baur, Birmingham, and Haley defaulted and requesting that the Clerk "enter a judgment against" Defendants Baur, Birmingham and Haley. (Doc. 10; *see also* Doc. 17 (Plaintiff's letter stating that his written request was "for an entry of default judgment against these three Defendants, not a default").) The Clerk did not enter default or default judgment against Defendants Baur, Birmingham, and Haley.

On April 30, 2020, the Court denied Plaintiff's request for default judgments against Defendants Baur, Birmingham, and Haley. (*See* Doc. 45 at 3–5.)

Plaintiff objects to the Court's denial of "Plaintiff's requests for default/default judgments against Defendant Baur, Birmingham and Haley." (Doc. 49 at ¶ 21.) Plaintiff states, without citation to any legal authority, that the Court's "decision to rule on an administrative request was erroneous and abuse of discretion because he had no authority to rule on an administrative request that was within the responsibilities of the Clerk of Court." (*Id.* at 15 ¶ 24.)

The Clerk was not authorized to enter default judgment because Plaintiff's claim is not solely for a sum certain. *See* Fed. R. Civ. P. 55(b)(1) and (2). Although Plaintiff's Affidavit states his claim is for a sum certain, the Complaint indicates he is also seeking reinstatement to his job and punitive damages. *See Garrett v. Seymour*, 217 F. App'x. 835, 838 (10th Cir. 2007) ("even if the clerk should have entered default, the clerk had no power to enter a default judgment under Rule 55(b)(1) because [plaintiff's] claims against the defendants were not merely for a sum certain but included equitable relief") (citing Fed. R. Civ. P. 55(b)(1), (2) (permitting clerk to enter default judgment only when plaintiff's claim is for a sum certain); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1145 (3d Cir. 1990) ("As a general proposition, punitive damages cannot be awarded simply on the basis of the pleadings, but must instead be established at an evidentiary hearing held pursuant to Fed. R. Civ. P. 55(b)(2) because they clearly are not liquidated or computable").

Plaintiff also argues that the Court applied the wrong standard in denying Plaintiff's requests for default and default judgments. (*See* Doc. 49 at 20 ¶ 33.) Federal Rule of Civil Procedure 6(b)(1)(B) provides that "on motion made after the time has expired if the party failed to act because of excusable neglect," the Court may, for good cause, extend the time to file an answer. After Plaintiff filed his Objection to the untimely answer, Defendants filed a Response, which the Court construed as a motion, in which they show they failed to timely file their Answer because of excusable neglect. (*See* Doc. 26 at 2 (stating "defense counsel emailed Plaintiff informing him that Defendants Bauer, Birmingham, and Haley had secured representation and that these three individual intended to file an answer . . . [and that they] belie[ved] the Answer was due to the Court on December 26, 2019 and requested a 20 day extension . . . Plaintiff responded that he would not grant an extension but did not make any reference to the date stated by defense counsel"). *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (concluding

"the district court did not abuse its discretion in permitting defendants to file their answers out-of-time and in denying [plaintiff's] motion for default judgment . . . [where] the record demonstrates that defendants' late filings were due to mistake, inadvertence or carelessness and not to bad faith on defendants' part").

## **Eighth Objection – Striking Objections**

Plaintiff objects to the Court striking Plaintiff's Objections in Docs. 19, 22, 31, and 40, all of which largely related to Defendants' joint answer, Plaintiff's request for default, and subsequent proceedings.[2] (*See* Docs. 19, 22, 31, 40.). (*See* Doc. 49 at 21 ¶ 34.) The Court vacates that portion of its Memorandum Opinion and Order striking Plaintiff's Objections in Docs. 19, 22, 31, and 40. (*See* Doc. 45 at 6.) Instead, the Court overrules the Objections and denies the Motions in Docs. 19, 22, 31, and 40. As discussed above, the Court has permitted Defendants' untimely filing of their Answer and has denied Plaintiff's request for default judgments. Federal Rule of Civil Procedure 5 does not require, and Plaintiff has not cited any legal authority requiring, that parties serve "an official court-stamped copy" of filed papers. Although Plaintiff states Defendants did not serve him with their Joint Status Report by mail, he states that he received a copy of the Joint Status Report from Defense Counsel by email on the same day that Defense Counsel filed it with the Court. (*See* Doc. 31 at 1.) Furthermore, Defense Counsel later stated that "Defendants have served

---

[2] In Doc. 19, "Plaintiff objects to the untimely answer filed by the Defendants and moves the Court to sustain the defaults and default judgments against Defendants when they are entered by the Clerk of Court." (Doc. 19 at 8.) In Doc. 22, "Plaintiff objects to the untimely response [to Plaintiff's requests for entry of default and default judgments] filed by the Defendants and moves the Court to sustain the defaults and default judgments against Defendants when they are entered by the Court." (Doc. 22 at 4.) In Doc. 31, Plaintiff objects to Defendants' Status Report and Provisional Discovery Plan because: (i) "Plaintiff has not received an official court-stamped copy of the Defendants' status report;" (ii) Plaintiff has not been served with a copy of the Defendants' status report by Defendants' counsel; (iii) three of the Defendants failed to file a timely responsive pleading to Plaintiff's complaint; and (iv) the status report "falsely alleges that Plaintiff refused to discuss the Joint Status Report and Discovery Plan." (Doc. 31 at 1–2.) In Doc. 40, Plaintiff "objects to all pleadings filed by Defendants in this case to date on the basis of ex parte communications" and "moves the court to strike all pleadings Defendants have filed with the court on the basis of ex parte communications." (Doc. 40 at 1, 3.) Plaintiff's assertion that Defendants communicated ex parte with the Court is based on the fact that the documents served on Plaintiff by Defendants did not have "an official court stamp attached in the top right-hand corner of the pleading." (*Id.* at 2.)

Plaintiff with each document filed with this Court." (Doc. 42 at 2.) Plaintiff mischaracterizes Defendants' Joint Status Report when Plaintiff asserts "Defendant falsely alleges that Plaintiff refused to discuss the Joint Status Report." (Doc. 31 at 2.) Defendants' Joint Status Report states: "Defendants made a good faith effort to confer with Plaintiff prior to filing this Status Report, but Plaintiff refused to continue telephonic communication or to make reasonable efforts to submit a joint filing." (Doc. 24 at 6.)

## First Supplemental Objection - Order Striking Plaintiff's Objection to Defendants' Status Report and Provisional Discovery Plan

"Plaintiff objects to Judge Brack's Order to strike Document 31 based on the untimely answer to Plaintiff's Complaint filed by Defendants . . . [and] in refusing to grant Plaintiff's requests for defaults/default judgments against Defendants Bauer, Birmingham and Haley." (Doc. 50 at 3 ¶ 5.) Plaintiff's First Supplemental Objection is overruled because the Court has vacated that portion of its Order striking Document 31 and instead overrules/denies it.

## Second Supplemental Objection - Threat of Sanctions

"Plaintiff objects to Judge Brack's Order based on the threat of sanctions by Judge Brack against Plaintiff for making objections to preserve the record for appeal." (*Id.* at 3.) After reminding Plaintiff of the District of New Mexico's Local Rules, the Court stated: "The Court takes this opportunity to warn Hare that continuing to file repetitive and needless objections could result in sanctions." (Doc. 45 at 5.)

The Court overrules Plaintiff's Objection regarding the "threat" of sanctions because the Court has an "affirmative duty . . . to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment.

**IT IS ORDERED** that:

(i)     Plaintiff's Objections to Senior Judge Robert Brack's Memorandum Opinion and Order, Doc. 49, filed April 30, 2020, are **OVERRULED in part.** The Court vacates that portion of its Memorandum Opinion and Order at 6, Doc. 45, filed April 1, 2020, striking Plaintiff's Objections in Docs. 19, 22, 31, and 40.

(ii)    Plaintiff's Supplemental Objections to Senior Judge Robert Brack's Memorandum Opinion and Order, Doc. 50, filed May 1, 2020, are **OVERRULED.**

(iii)   The Court **OVERRULES** Plaintiff's Objections and **DENIES** Plaintiff's Motions in the following:

    a.   Doc. 19, filed January 21, 2020

    b.   Doc. 22, filed February 4, 2020

    c.   Doc. 31, filed February 13, 2020

    d.   Doc. 40, filed February 24, 2020

_____

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE