IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS HARE,

      Plaintiff,

v.                                  No. 2:19-cv-01091-RB-GJF

BENNETT J. BAUR, an individual;
STATE OF NEW MEXICO LAW
OFFICES OF THE PUBLIC DEFENDER;
JENNIFER BIRMINGHAM, an individual;
JAMES WALKER, an individual; and
MICHELLE HALEY, an individual;

      Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND DENYING REQUEST FOR ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on Plaintiff's Response and Objection to Defendant's Request for Cost Bill filed with the Court on June 11, 2020; and Plaintiff's Request for an Order to Show Cause (Doc. 54), filed June 8, 2020.

Judge Fouratt ordered "Plaintiff to pay Defendants' counsel, Michael Bebeau, Esq., monetary sanctions representing a reasonable amount of attorney's fees incurred by Mr. Bebeau in connection with appearing at a hearing at which Plaintiff inexcusably failed to show." (Doc. 69.) Defendants subsequently file their Request for a Cost Bill. (Doc. 58.) Counsel for Defendants also filed his Affidavit in Support of the Cost Bill. (Doc. 59.)

Plaintiff objects to Defendants' Request for a Cost Bill and Defense Counsel's Affidavit because: (i) "they are the products of an illegal order issued by U.S. Magistrate Judge Gregory Fouratt;" and (ii) "they are fraudulent because they overstate the Defendants' preparation time for the May 21, 2020 status conference and the actual amount of time spent at the conference." (Doc. 68 at 1.)

The Court overrules Plaintiff's Objection that the Request for Cost Bill and Affidavit "are the products of an illegal order issued by U.S. Magistrate Judge Gregory Fouratt" because Judge Fouratt was authorized to conduct the status conference. (*See* Doc. 70 at 1–2 (explaining that Judge Fouratt was properly authorized to preside over all non-dispositive pre-trial matters in this case).)

The Court overrules Plaintiff's Objection that the Request for Cost Bill and Affidavit "are fraudulent because they overstate the Defendants' preparation time for the May 21, 2020 status conference and the actual amount of time spent at the conference." Plaintiff contends that Defendant's Request for Cost Bill and Affidavit, which indicate that Defense Counsel charged 0.4 hours to attend the status conference, is fraudulent because: (i) the Clerk's Minutes show that the status conference lasted 17 minutes (*see* Doc. 55); and (ii) the transcript of the status conference shows that Judge Fouratt instructed Defense Counsel "to add up the amount of time you spent preparing, as well as the 15 minutes that I required you to remain on the phone" (*see* Doc. 68 at 13). The difference between the duration of the status conference reported in the Clerk's Minutes and the time reported in the Request for Cost Bill and Affidavit is 7 minutes. Because the Court expects all Parties to be present and ready when the conference starts and to comply with all verbal rulings issued during the conference, it is reasonable for Parties to be in place a few minutes before the conference starts and to review their notes regarding any verbal rulings following the conference.

The Court denies Plaintiff's request "that the court exercise its Rule 11(c)(3) authority and issue an Order to Show Cause to [Defense Counsel] to explain why he submitted a clearly fraudulent bill and intentionally false affidavit to the court" because Plaintiff has not shown that the Request for Cost Bill is "clearly fraudulent" or that the Affidavit is "intentionally false." (Doc. 68 at 3.) Furthermore, Judge Fouratt did not sanction Plaintiff for the full 2.5 hours billed by

Defense Counsel; Judge Fouratt reduced the bill by 0.5 hours, or 30 minutes, which is well more than the 7 minutes that Plaintiff complains about. Finally, arguing over such inconsequential matters unreasonably and vexatiously multiplies these proceedings.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE