IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS HARE,

        Plaintiff,

v.                                                                        No. 2:19-cv-01091-RB-GJF

BENNETT J. BAUR, an individual;
STATE OF NEW MEXICO LAW
OFFICES OF THE PUBLIC DEFENDER;
JENNIFER BIRMINGHAM, an individual;
JAMES WALKER, an individual; and
MICHELLE HALEY, an individual;

        Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS

**THIS MATTER** comes before the Court on Plaintiff's Objections to U.S. Magistrate Judge Gregory Fouratt's Order Imposing Sanctions (Issued and Served on June 29, 2020); and Plaintiff's Notice of Intent to Seek Congressional Investigation of Judge Fouratt for Engaging in Racist Conduct and Subornation of Perjury. (Doc. 74.)

### Background

United States Magistrate Judge Gregory J. Fouratt ordered Plaintiff to show cause why Plaintiff failed to timely appear for a telephonic status conference and why Plaintiff should not be sanctioned for failing to appear. (*See* Doc. 53 at 1.) On June 29, 2020, after reviewing Plaintiff's response, Judge Fouratt entered an Order imposing sanctions on Plaintiff. (*See* Doc. 69.) Plaintiff asserts five objections to Judge Fouratt's Order Imposing Sanctions.

### Objections 1 and 3

Plaintiff's Objections 1 and 3 are based on Plaintiff's assertion that Judge Fouratt is not authorized to preside over pretrial matters.

On June 30, 2020, the undersigned entered an Order that explained the basis for Judge Fouratt's authority to preside over pretrial matters and notified Plaintiff that there is no need to continue to object regarding Judge Fouratt's authority to preserve the issue for appeal. (*See* Doc. 70.)

On July 20, 2020, Plaintiff notified the Court that he did not receive the Court' Order explaining the basis for Judge Fouratt's authority until after he filed the Objections now before the Court. (*See* Doc. 79 (stating that "Plaintiff will abide by Judge Brack's instruction going forward and will not file further objections to Judge Fouratt's authority to preside over pretrial matters in this case").)

The Court overrules Plaintiff's Objections 1 and 3 to Judge Fouratt's Order Imposing Sanctions for the reasons stated in its previous order explaining the basis for Judge Fouratt's authority to preside over pretrial matters. (*See* Doc. 70.)

**Objection 2**

"Plaintiff objects to Judge Fouratt's false claim that Plaintiff was late in filing a response to his illegal May 21, 2020 order to show cause." (Doc. 74 at 6 ¶ 12.) Judge Fouratt's Order Imposing Sanctions states: "Plaintiff filed his response to the Order to Show Cause, albeit four days late, in which he explained that he 'did not show up for [this Court's] *illegal hearing* on May 21, 2020 because [he] withheld consent to that hearing pursuant to Fed. R. Civ. Pro. 73.'" (Doc. 69 at 1.)

Plaintiff argues that his response was timely because Federal Rule of Civil Procedure 72(a) gives a party 14 days after being served with a copy of a Magistrate Judge's order to object to it. Rule 72(a) is not applicable because it applies to objections to a Magistrate Judge's order, not to

2

responses. Judge Fouratt ordered Plaintiff to respond to the Order to Show Cause no later than June 4, 2020. Plaintiff did not file his Response by June 4, 2020.

The Court overrules Plaintiff's Objection 2 as untimely. Furthermore, Plaintiff's Objection 2 is immaterial because Judge Fouratt did not impose sanctions based on when Plaintiff filed his Response to the Order to Show Cause. Judge Fouratt imposed sanctions to "deter any similar violations [ignoring a court order and skipping a mandatory hearing] in the future." (Doc. 69 at 4.)

**Objections 4 and 5**

Judge Fouratt ordered Plaintiff to reimburse Defense Counsel for the time Defense Counsel spent preparing for and attending the status conference that Plaintiff failed to attend. Judge Fouratt stated:

> While the Court has no reason to question the accuracy of [Defense Counsel's report of the amount of time he spent preparing for and attending the status conference], the Court in its discretion finds that Plaintiff should be held responsible only for two (2.0) hours of the requested time. The Court finds a flat two hours to be a reasonable amount for an attorney of [Defense Counsel's] experience and skill to prepare for and attend a status conference of this kind in a case of this kind.

(*Id.* at 4–5.)

"Plaintiff objects to Judge Fouratt's claim that he has no reason to question [Defense Counsel's] cost bill, when Judge Fouratt clearly has reason to question the cost bill because [Defense Counsel] clearly violated his duty of candor with the court." (Doc. 74 at 11 ¶ 27.) "Plaintiff [also] objects to Judge Fouratt's refusal to directly state that [Defense Counsel] committed perjury" because "[Defense Counsel] overbilled his time by a minimum of 20%." (*Id.* at 12 ¶ 33.)

3

The Court overrules Plaintiff's Objections 4 and 5. Nothing in Judge Fouratt's Order Imposing Sanctions indicates that Judge Fouratt found that Defense Counsel "violated his duty of candor with the court." Judge Fouratt indicated that given his experience and skill, Defense Counsel could have prepared for and attended the status conference in 2.0 hours instead of the 2.5 hours Defense Counsel actually spent.

**Preservation of Objections**

Plaintiff has stated in the record several times his belief that Judge Fouratt is "racist." There is no need for Plaintiff to continue to object on that basis to preserve the issue for appeal. *See Ecclesiates 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling"). Further such objections will cause the Court and the Parties to needlessly expend time and resources. *See* Fed. R. Civ. P. 1 Advisory Committee Notes 1993 Amendment (stating the Court and attorneys, as officers of the Court, have an affirmative duty to ensure that civil litigation is resolved not only fairly, but without undue cost or delay).

Plaintiff may file objections to future orders entered by Judge Fouratt, but the arguments supporting those objections shall be limited to demonstrating that Judge Fouratt's orders are "clearly erroneous" or are "contrary to law." Fed. R. Civ. P. 72(a).

**Immaterial Allegations**

Plaintiff asserts that he has instituted disciplinary proceedings against Judge Fouratt, that he "plans to ask his Congressional delegation to seek a criminal indictment of Judge Fouratt," and that "Judge Fouratt has violated federal criminal law." (Doc. 74 ¶¶ 37–39.) While Plaintiff's assertions are related to Judge Fouratt's actions in this case, the assertions are not relevant to the merits of this case. *See* Fed. R. Civ. P. 11(b)(1) (by submitting a document to the Court, an attorney

4

or unrepresented party certifies that the document "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

**IT IS ORDERED** that Plaintiff's Objections to U.S. Magistrate Judge Gregory Fouratt's Order Imposing Sanctions (Issued and Served on June 29, 2020); and Plaintiff's Notice of Intent to Seek Congressional Investigation of Judge Fouratt for Engaging in Racist Conduct and Subornation of Perjury (Doc. 74) are **OVERRULED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE