IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS HARE,

    Plaintiff,

v.  No. 2:19-cv-01091-RB-GJF

BENNETT J. BAUR, an individual;
STATE OF NEW MEXICO LAW
OFFICES OF THE PUBLIC DEFENDER;
JENNIFER BIRMINGHAM, an individual;
JAMES WALKER, an individual; and
MICHELLE HALEY, an individual;

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on "Plaintiff's Objections to Documents 65 & 66 of the Record, and Plaintiff's Notice of Intent to Seek Impeachment & Removal of Senior U.S. District Judge Robert Brack for Engaging in Racist Conduct" (Doc. 72), filed July 6, 2020. Plaintiff's Objections are without merit and will be overruled.

First, Plaintiff objects to the Court's June 24, 2020 Memorandum and Order Overruling Objections, Denying Motion to Vacate Orders, and Denying Motion to Recuse (Doc. 65 (the "June 24 Opinion")), which overruled a previous objection by Plaintiff. Plaintiff's previous objection preserved the issue for appeal. Consequently, Plaintiff's current Objection to the June 24 Opinion is duplicative and unnecessary. Second, Plaintiff objects to the Court's June 24, 2020 Memorandum Opinion and Order to Show Cause (Doc. 66 (the "June 24 Order to Show Cause")) and to any ruling that would require him to file documents electronically. Finally, Plaintiff makes many incorrect and unsupported assertions that the Court's rulings are motivated by racism on the part of the undersigned and Judge Fouratt, assertions which are duplicative and unnecessary as

Plaintiff has made similar assertions previously. These Objections serve no useful purpose, appear to be designed to harass the Court, and cause the Court and Defendants to expend valuable time addressing the Objections.

**Objections to the June 24 Opinion (Doc. 65)**

Plaintiff objects to the portion of the Court's June 24 Opinion that overruled Plaintiff's Objections to Judge Fouratt's Scheduling Order. (*See* Doc. 72 ¶ 1.) The Court stated:

> The Court overrules Plaintiff's Objections to Judge Fouratt's Scheduling Order as untimely. Rule 72 of the Federal Rules of Civil Procedure states a party may file objections to a Magistrate Judge's pretrial order regarding nondispositive matters "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a) (stating "A party may not assign as error a defect in the order not timely objected to"). Judge Fouratt entered his Scheduling Order on February 14, 2020. (*See* Doc. 28.) Plaintiff did not file his Objections to Judge Fouratt's Scheduling Order until April 3, 2020, which is well outside the time allowed for filing objections.

(Doc. 65 at 1.) Plaintiff states that the Court:

> excused the Defendants' failure to file a timely response to Plaintiff's Motion for Entry of Default when they failed to respond to Plaintiff's motion within fourteen (14) days as required by the Local Rules of Civil Procedure. Specifically, D.N.M.LR.-Civ. 7.4(a) states the following: "A response must be served and filed within fourteen (14) calendar days after service of the motion."

(Doc. 72 ¶ 1.) Plaintiff also points to D.N.M. LR-Civ. 7.1(b), which states in part: "The failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." (*See* Doc. 72 ¶ 3.) Plaintiff objects and asserts that the Court "is holding Plaintiff . . . to the 14-day standard" but "refuses to hold the Defendants . . . to the same 14-day standard . . . ." (*Id.* ¶ 4.)

The Court overrules Plaintiff's objection regarding timeliness, because the Court made its rulings pursuant to two different standards. The Court overruled Plaintiff's objection to Judge Fouratt's Scheduling Order pursuant to Federal Rule of Civil Procedure 72(a), which sets a **mandatory** 14-day deadline for filing objections. The Court is bound by and cannot disregard the

Federal Rules of Civil Procedure. *See Okla. Radio Assoc. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"). In denying Plaintiff's Motion for Entry of Default, the Court was not bound by a mandatory rule. *See*, *e.g.*, D.N.M. LR-Civ. 1.7 ("These rules may be waived by a Judge to avoid injustice"); *Cordova v. Peavey Co.*, No. CV 01-1026 WJ/KBM, 2004 WL 7337730, at *1 (D.N.M. Apr. 29, 2004) (stating that "[a] district court has discretion to permit the late filing of an answer" for good cause)).

Plaintiff also refers to: (i) Defendants' untimely filing of their Answer; (ii) the Court's statement that Plaintiff failed to cite authority for his objections contained in Docs. 19, 22, 31, and 40; (iii) the Court's statement regarding repetitive and needless objections resulting in sanctions; and (iv) and Judge Fouratt's authority to preside over non-dispositive pretrial matters. (*See* Doc. 72 ¶¶ 5, 7, 8, 10.) The Court has already ruled on these issues and will not revisit them now. (*See* Docs. 45 at 4–5 (regarding untimely answer); 93 at 8 (regarding Docs. 19; 22; 31; 40); 93 at 10 (regarding sanctions); 70 at 1–2 (regarding Judge Fouratt's authority).)

**<u>Objections to the June 24 Order to Show Cause (Doc. 66)</u>**

After noting that some issues had arisen related to Plaintiff's participation in this action via postal mail, the Court ordered Plaintiff to show cause why the Court should not order him to electronically file his documents. (*See* June 24 Order to Show Cause.) At the time, Plaintiff was authorized to practice before this Court. All attorneys practicing before this Court are required to file electronically. Plaintiff has since withdrawn from the Federal Bar of the District of New Mexico. After reviewing Plaintiff's Response (Doc. 73) stating he cannot file electronically because he does not have access to the internet, the Court has decided to quash the June 24 Order to Show Cause and to allow Plaintiff to continue to file by postal mail.

Plaintiff objects because: (i) "Judge Brack is trying to order Plaintiff to use electronic filing;" (ii) "Judge Brack's intent also includes stopping Plaintiff from filing pleadings altogether in this case by making an illegal order for Plaintiff to file electronically;" and (iii) "Judge Brack does not have the authority to order Plaintiff to use CM/ECF;" with the Order to Show Cause. (Doc. 72 ¶¶ 15, 20, 21.)

The Court overrules Plaintiff's Objection as moot because the Court has not ordered Plaintiff to file electronically.

**<u>Request for Recusal</u>**

Plaintiff, after making several baseless allegations that the undersigned and Judge Fouratt "are racists and are motivated by their racist attitudes," states:

> Thus, Plaintiff renews his request that Judge Brack and Judge Fouratt recuse themselves from this case because of their racism, and because of their racist attitudes and actions that these judges have repeatedly demonstrated and engaged in throughout the course of this case. Their racism puts their continued participation in this case clearly in question, and they should disqualify themselves because of it, and Plaintiff respectfully requests again that Judge Brack and Judge Fouratt recuse themselves from this case effective immediately.

(*Id.* ¶ 30 at 13 (emphasis omitted).)

The Court previously denied Plaintiff's request for the undersigned to recuse:

because Plaintiff has not alleged any relevant facts supporting Plaintiff's belief that the undersigned is biased.

The party moving to disqualify a judge is ordinarily assigned the burden of proof. *See Topeka Housing Auth. V. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (stating party urging disqualification bears "heavy burden of showing the requisite judicial bias or misconduct"); *Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997). Relevant facts must support the moving party's belief that the judge is biased. *See United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006); *Nichols*, 71 F.3d at 352.

*Burke v. Regalado*, 935 F.3d 960, 1054 (10th Cir. 2019. Plaintiff states that the undersigned "has engaged in unethical conduct by failing to order the Clerk of Court to follow the applicable law with regard to defaults and default judgments as

4

requested by Plaintiff." (Doc. 46 at 4.) However, "[a]dverse rulings by a judge in a case are not grounds for disqualification." *Baker v. Simmons*, 65 F. App'x 231, 237 (10th Cir. 2003) (citing *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976)).

(Doc. 65 at 2–3.)

The Court denies Plaintiff's request for the undersigned and Judge Fouratt to recuse, because Plaintiff has not met his heavy burden of showing the requisite judicial bias or misconduct. While Plaintiff uses the words "racist," "racism," or "racial animus" 33 times in the 13 pages of the Objections, he has not cited any relevant facts supporting his belief that the undersigned or Judge Fouratt is biased. Plaintiff largely cites adverse rulings by the undersigned and Judge Fouratt, which are not grounds for disqualification. Most of Plaintiff's argument consists of conclusory allegations.[1] Those conclusory allegations, even with the adverse rulings, are not sufficient to show that the undersigned and Judge Fouratt's impartiality might be reasonably questioned or that either have a personal bias.

**Notice of Intent to Seek Impeachment and Removal**

Plaintiff states that he:

hereby gives notice to Judge Brack that Plaintiff intends to seek impeachment and removal of Judge Brack from the federal bench because the judge is unfit to serve as a federal judge because of his racist attitudes and actions, which serve to deny Plaintiffs of color their right to fair, impartial and equal justice under the law. Plaintiff is already in contact with his Congressional delegation regarding this matter, and fully intends to pursue the matter to its conclusion.

(Doc. 72 ¶ 31 (emphasis omitted).)

While Plaintiff is aggrieved by the undersigned's rulings in this case, Plaintiff's plan to seek impeachment and removal of the undersigned is not relevant to the merits of this case. *See*

---

[1] Plaintiff states, for example, that evidence of racism exists in the fact that the Court does not address him by the title of "Doctor." (*See* Doc. 72 ¶ 24.) In the undersigned's experience, it is not customary for attorneys (even those with an L.L.M. degree) to refer to each other as "Doctor," and any omission of this title by the Court reflects that experience. Instead, the Court will refer to Plaintiff in its opinions and orders as he refers to himself in his own pleadings—as "Plaintiff."

5

Case 2:19-cv-01091-RB-GJF   Document 99   Filed 09/08/20   Page 6 of 6

Fed. R. Civ. P. 11(b)(1) (by submitting a document to the Court, an attorney or unrepresented party certifies that the document "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

**Preservation of Objections**

Plaintiff has stated in the record several times his belief that the undersigned and Judge Fouratt are racists. There is no need for Plaintiff to continue to object on that basis to preserve the issue for appeal. *See Ecclesiates 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling"). Further such objections will cause the Court and the Parties to needlessly expend time and resources. *See* Fed. R. Civ. P. 1 Advisory Committee Notes 1993 Amendment (stating the Court and attorneys, as officers of the Court, have an affirmative duty to ensure that civil litigation is resolved not only fairly, but without undue cost or delay).

Plaintiff may file objections to future orders entered by the undersigned and Judge Fouratt, but the arguments supporting those objections shall be limited to demonstrating that those orders are clearly erroneous or are contrary to law.

**IT IS ORDERED** that Plaintiff's "Objections to Documents 65 & 66 of the Record, and Plaintiff's Notice of Intent to Seek Impeachment & Removal of Senior U.S. District Judge Robert Brack for Engaging in Racist Conduct" (Doc. 72) are **OVERRULED**. It is further ordered that the June 24 Order to Show Cause (Doc. 66) is **QUASHED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

6