# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

THOMAS HARE,

      Plaintiff,

v.                                                      Civ. No. 19-1091 RCB/GJF

BEN BAUR, *Chief Public Defender, State of New Mexico Law Offices of the Public Defender*, et al.,

      Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL DISCOVERY AND FOR DISCOVERY SANCTIONS

THIS MATTER is before the Court upon Defendants Ben Baur, Jennifer Birmingham, James Walker, Michelle Haley, and the Law Offices of the Public Defender's (collectively, "Defendants") "Motion to Compel Discovery and for Discovery Sanctions" [ECF 86] ("Motion"). The Motion is fully briefed. *See* ECF 88 (Response); ECF 90 (Reply). The Court heard oral argument on the Motion on September 15, 2020 ("Hearing"), at the conclusion of which the Court rendered its decision. ECF 104 (Clerk's Minutes); ECF 107 (Transcript). For the reasons stated below, the Court now memorializes its decision to **DENY** Defendants' Motion.

## I.    RELEVANT BACKGROUND AND PROCEDURE

Plaintiff, Thomas Hare, is an attorney proceeding pro se. ECF 1. Plaintiff brought claims against Defendants Bennett Baur, Jennifer Birmingham, Michelle Haley, James Walker, and the State of New Mexico Law Offices of the Public Defender ("LOPD") under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17; 42 U.S.C. § 1981; and N.M. Stat. §§ 30-13-3, 41-4-1 to 41-4-30, and 41-7-1 to 41-7-6. *Id.* at 3. On February 20, 2020, Defendants served their written discovery requests on Plaintiff. ECF 35. Plaintiff sent unsworn responses on April 8, 2020. ECF

86-2. On April 16, 2020, Plaintiff served sworn responses, which Defendants received on April 22, 2020. ECF 86-3; ECF 107 at 20:13–17. On June 15, 2020, Plaintiff then supplemented his responses to Defendants' discovery requests by providing two affidavits. ECF 86-7.[1] On July 9, 2020, defense counsel sent Plaintiff a letter informing him of perceived deficiencies in his discovery responses. ECF 86-8.

On August 6, 2020, Defendants filed the present Motion. ECF 86. Defendants request that the Court compel "Plaintiff to provide discovery, appear for a deposition,[2] and file his initial disclosures." ECF 86 at 1. Defendants also ask the Court to "award all expenses and attorney's fees for filing this Motion." *Id.* at 1–2. Alternatively, Defendants ask the Court to "dismiss Plaintiff's case with prejudice as a discovery sanction." *Id.* at 2.

## II.  RELEVANT PROCEDURAL LAW

### A.  Initial Disclosures

Discovery begins with initial disclosures. *See* Fed. R. Civ. P. 26. "Federal Rule of Civil Procedure 26(a)(1) requires parties to disclose certain information automatically to other parties, without the need for discovery requests." *Martinez v. Caterpillar, Inc.*, No. CIV 06-236 RHS/RLP, 2007 WL 9717936, at *1 (D.N.M. Jan. 5, 2007). Parties are "not excused from making [their] disclosures because [they have] not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E).

Relevant to this case, Federal Rule of Civil Procedure 26(a)(1) requires automatic disclosure of the following three categories of information that a party may use to support his or

---

[1] These affidavits are those of Todd Holmes and James Redmond. ECF 86-7. Mr. Holmes's affidavit relates to his representation of Plaintiff in a custody proceeding in state district court on September 21, 2018. ECF 64 at 28. Mr. Redmond's affidavit concerns a 2015 incident in which Plaintiff was apparently accused of acting unprofessionally. ECF 64-1 at 31–35.

[2] Because Plaintiff has filed an "Amended Motion for Protective Order Under Fed. R. Civ. Pro. 26(c) or Alternatively to Terminate Defendants' Noticed Deposition Under Fed. R. Civ. Pro. 30(d)(3)(A)," [ ECF 102], the Court will not address the Defendants' Motion to the extent it seeks Plaintiff's deposition until after the amended motion for protective order is fully briefed.

her claims or defenses: (1) the name and contact information of each individual likely to possess discoverable information; (2) a copy or description of all documents and tangible things that the disclosing party has in his or her possession, custody, or control; and, (3) a computation of each category of damages claimed by the disclosing party as well as documents and/or other evidentiary material from which that computation is derived. Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii). Parties are under a continuing obligation to supplement this information throughout the litigation. *See* Fed. R. Civ. P. 26(e).

### B. Local Rule 26.6

In the Tenth Circuit, "local rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them.'" *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (quoting *Wood Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir. 1964)). Under District of New Mexico Local Rule Civil 26.6, a party served with "objections" to a discovery request must file a motion to compel within twenty-one days of service of the response. Failure to timely comply "constitutes acceptance" of those objections. D.N.M.LR-Civ. 26.6. For "good cause," the Court may, "*sua sponte* or on motion by a party," alter the time requirement. *Id.* Failure to file a motion to compel by that deadline "is sufficient grounds for the Court" to deny it. *Dentsply Sirona Inc. v. Edge Endo, LCC*, Civ. No. 17-1041 JFB/SCY, 2019 WL 4816213, at *2 (D.N.M. Oct. 1, 2019) (citing *Thymes v. Verizon Wireless, Inc.*, No 16-66 KG/WPL, 2017 WL 4534838, at *2 (D.N.M. Feb. 9, 2017)).

## III. DISCUSSION

### A. Initial Disclosures

#### 1. The Parties' Arguments

Defendants assert that Plaintiff has not yet made initial disclosures. ECF 86 at 4 ("Plaintiff

failed to make initial disclosures."); ECF 90 at 1 ("Defendants note that Plaintiff . . . has still not filed initial disclosures in this case.").

Plaintiff, for his part, did not brief the issue of initial disclosures. *See* ECF 88. During the hearing, however, Plaintiff explained that he had already served his "initial disclosures with [his] responses to the Defendant[]s['] discovery." ECF 107 at 5:3–5.

### 2. Plaintiff Satisfied His Initial Disclosure Obligations

Under Rule 26(a)(1)(A), there are three categories of information relevant to this case that must be disclosed. Because Defendants and Plaintiff disagreed on whether Plaintiff had met his initial disclosure obligations, the Court walked through each disclosure category with Plaintiff at the hearing to determine whether those obligations were met.

Parties must disclose the name and contact information of each person who likely has discoverable information that the disclosing party may use to support any of his or her claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff asserted that he has already disclosed every person whose testimony could support his claims. ECF 107 at 6:9. Plaintiff identified three people as the only individuals he was currently aware of who had information relevant to his case: (1) Defendant Jennifer Birmingham, *id.* at 6:12–18, 11:20–24; (2) Todd Holmes, *id.* at 7:13, 11:20–24; and, (3) James Redmond, *id.* at 7:13–15, 11:20–24.[3]

Parties must also disclose a copy or a description and location of all documents and tangible things that a party may use to support his or her claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii). At the hearing, Plaintiff stated that this obligation had been met because he had "no documents or tangible things to disclose." ECF 107 at 13:5–6.

---

[3] The record reflects that Plaintiff has previously identified these individuals as potential sources supporting his claims. *See* ECF 64 at 28–29; ECF 64-1 at 33–34; ECF 78 at 32–33. In addition, the affidavits identified contain those individuals' contact information. ECF 107 at 7:12–16.

Last, a party who claims damages must disclose a computation "of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii). That party must also make available for inspection any documents or evidence used to produce that computation. *Id.* Plaintiff asserts that his Complaint satisfied this obligation. ECF 107 at 13:15–16.[4] Further, Plaintiff advised that he had no documents or tangible evidence related to damages. *See* ECF 107 at 13:17–24 ("if you're talking about did I sit down and put on a piece of paper how I calculated these damages? No, there was nothing like that I put on a sheet of paper. So there was no — there was nothing to turn over to them. Now when they asked me for my damages information in their discovery responses, I responded to that question as it relates to discovery, but I had no calculations pursuant to the initial disclosure rules to turn over to them.").

In sum, the Court is satisfied that Plaintiff has met his initial disclosure obligations. Plaintiff has identified the three individuals who may have information related to his claims. Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff does not have any documents or tangible evidence to support his claims, so he has no additional documents to turn over pursuant to Rule 26(a)(1)(A)(ii). And Plaintiff's Complaint does include a computation of each category of damages claimed and he does not have documents or other tangible evidence related to that computation to impart under Rule 26(a)(1)(A)(iii). Therefore, the Court will deny Defendants' request for initial disclosures as moot.[5] This decision does not relieve Plaintiff of his obligation to supplement his initial disclosures under

---

[4] In his Complaint, Plaintiff's computation of his damages is as follows: "actual damages for lost wages in the amount of $375,00, lost annual and sick leave benefits in the amount of $32,262, lost pension benefits in the amount of $65,625, and losses from my Individual Retirement Account (IRA) in the amount of $70,000 . . . [C]ompensatory damages in the amount of $5,000,000 for mental anguish, loss of enjoyment of life, inconvenience and loss of opportunity for advancement, including promotions to LOPD management . . . [P]unitive damages in the amount of $5,000,000 based on the pattern of retaliation, defamation and blacklisting efforts with employers in the state of New Mexico that Defendants have engaged in since 2015." ECF 1 at 6.

[5] After the Court's conversation with Plaintiff, defense counsel agreed that Plaintiff met his initial disclosure obligations. ECF 107 at 17:9–14.

Federal Rule of Civil Procedure 26(e).

**B. Discovery Responses**

      1.  <u>The Parties' Arguments</u>

Defendants claim that the Court should compel Plaintiff to supplement his responses to their discovery requests because Plaintiff's responses contained numerous objections and failed to otherwise "provide substantive information that is essential to his case." *See* ECF 86 at 4–5. For his part, Plaintiff avers that the Court should deny Defendants' Motion as untimely under Local Rule 26.6. *See* ECF 88 at 3. Defendants insist that because Plaintiff asserted invalid objections that they "did not have any obligation to respond . . . under Local Rule 26.6." ECF 90 at 2–4.

      2.  <u>Defendants' Motion Is Untimely</u>

Defendants served Plaintiff with written discovery on February 20, 2020. ECF 35. Defendants received Plaintiff's responses on April 22, 2020. ECF 86-3; ECF 107 at 20:13–15. Defendants filed the present Motion on August 6, 2020. *Id.* Because Defendants' Motion was filed well past the 21-day time limit set forth in Local Rule 26.6, it is untimely. D.N.M.LR-CIV. 26.6.[6]

Defendants take the position that because Plaintiff's objections were invalid, Defendants were not required to abide by Local Rule 26.6. *See* ECF 90 at 2–4. But Defendants have cited no authority for the proposition that Rule 26.6 only applies when the discovery objection at issue is deemed to have been valid. Nor is the Court aware of any such authority. Thus, the meaning of Local Rule 26.6 is as plain as the language it uses—if a motion to compel is not filed within 21 days after service of a discovery response, then that response is treated as accepted. Accordingly, the Court will deny Defendants' untimely request.

---

[6] Defendants did not attempt to argue that "good cause" existed for their untimeliness. *See* ECF 86; ECF 90; ECF 107 at 21:12–15 ("The Court: You waited 106 days after April the 22nd to file this motion. Why so long? Mr. Bebeau: We—I wish that we had an excuse for that, Your Honor.").

## C. Sanctions

Defendants request that the Court "award all expenses and attorney's fees for filing this Motion" or, in the alternative, "dismiss Plaintiff's case with prejudice as a discovery sanction."[7] Because the Court denied Defendants' Motion, the Court will deny Defendants' request for attorney's fees and costs. *See* Fed. R. Civ. P 37(a)(5)(B).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion is **DENIED**.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[7]The Court does not address Defendants' request to have Plaintiff's claims dismissed as a discovery sanction.   The undersigned, as the referral judge, does not have the authority to enter orders on dispositive motions in this case.