IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**THOMAS HARE,**

      **Plaintiff,**

      v.                                     **Case No.:  2:19-CV-01091-RB-GJF**

**BEN BAUR, CHIEF PUBLIC
DEFENDER, STATE OF NEW
MEXICO LAW OFFICES OF
THE PUBLIC DEFENDER,
JENNIFER BIRMINGHAM, an
individual, JAMES WALKER, an
individual, AND MICHELLE
HALEY, an individual,**

      **Defendants.**

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE IRRELEVANT WITNESSES

Defendants Ben Baur, Jennifer Birmingham, James Walker, and Michelle Haley, by and through their counsel of record, Miller Stratvert P.A. (Paula G. Maynes and Michael R. Bebeau) files the following Motion in *Limine*. Pursuant to D.N.M. LR-Civ. 1.007.1, undersigned counsel has conferred with opposing counsel and has determined that this Motion is opposed:

Defendants request that the Court exclude the testimony of Mr. Redmond and Mr. Holmes from this case.  This case involves retaliation under Section 1981 and Title VII.  Plaintiff alleges that Defendants retaliated against him for filing EEOC charges.  First, Plaintiff alleges that he was not hired for two positions.  Second, Plaintiff claims that Defendant Birmingham, Defendant Haley, and Defendant Walker made false statements about him.  The only issue in this case is what motivated Defendant's actions.

Mr. Redmond may testify about Plaintiff's behavior on the morning of June 11, 2015. **Exhibit A**, Affidavit of J. Redmond.  Mr. Redmond does not know why Defendants' hired other

individuals instead of Plaintiff or why Defendant Birmingham, Defendant Haley, or Defendant Walker discussed Plaintiff.

Mr. Holmes may testify about Plaintiff's in-court conduct on September 19, 2018 and on September 21, 2018.  **Exhibit B**, Affidavit of T. Holmes.  Mr. Holmes does not know what motivated Defendants' hiring decisions or what motivated Defendant Birmingham, Defendant Haley, or Defendant Walker to discuss Plaintiff.

Evidence is relevant if "it has a tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." "Irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable…is inadmissible." *Pueblo of Jemez v. United States*, 350 F. Supp. 3d 1052, 1122 (D.N.M. 2018).  Rule 403 Fed. R. Evid. provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

It is unclear why Plaintiff is offering Mr. Redmond as a witness.  This case does not concern events in 2015 but rather motivations in 2018.  Mr. Redmond's testimony is irrelevant to this matter because he cannot provide facts about Defendants' motivations.  Mr. Redmond's testimony is likely to confuse the issues, mislead the jury, cause undue delay, and waste time by discussing irrelevant issues.  Therefore, Court may properly exclude Mr. Redmond under Rule 401 Fed. R. Evid.  and Rule 403 Fed. R. Evid.

Plaintiff may offer Mr. Holmes's testimony to show that the statements Defendant Birmingham, Defendant Haley, and Defendant Walker made about Plaintiff were false.  Whether the statements about Plaintiff were false is irrelevant because there is not a live defamation claim

in this case.  Mr. Holmes does not know any facts about Defendants' motivations and is therefore irrelevant.  Mr. Holmes's testimony is also likely to confuse the issues, mislead the jury, cause undue delay, and waste time by discussing irrelevant issues.  Therefore, Court may properly exclude Mr. Holmes under Rule 401 Fed. R. Evid.  and Rule 403 Fed. R. Evid.

WHEREFORE, Defendants respectfully request that this Court enter a Motion in *Limine* excluding Mr. Redmond and Mr. Holmes from testifying at trial and awarding all other relief deemed necessary and proper.

Respectfully Submitted,

MILLER STRATVERT P.A.

By: */s/ Michael R. Bebeau*
　　Paula G. Maynes
　　Michael R. Bebeau
　　Attorneys for Defendant
　　P.O. Box 1986
　　Santa Fe, New Mexico 87504
　　Telephone: (505) 989-9614
　　Facsimile: (505) 989-9857
　　pmaynes@mstlaw.com
　　mbebeau@mstlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2020 I filed the foregoing electronically through the CM/ECF system and served it by mail on the following parties:

**U.S. MAIL**

**PLAINTIFF,** *pro se***:**
Thomas Hare
311 Lauren Street #1
Olean, NY 14760
thomasehare@yahoo.com

 */s/Michael R. Bebeau*
Michael R. Bebeau

3