IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS HARE,

    **Plaintiff,**

v.                                Case No.: 2:19-CV-01091-RB-GJF

BEN BAUR, CHIEF PUBLIC
DEFENDER, STATE OF NEW
MEXICO LAW OFFICES OF
THE PUBLIC DEFENDER,
JENNIFER BIRMINGHAM, an
individual, JAMES WALKER, an
individual, AND MICHELLE
HALEY, an individual,

    **Defendants.**

## DEFENDANTS' OMNIBUS MOTION IN LIMINE

Defendants Ben Baur, Jennifer Birmingham, James Walker, and Michelle Haley, by and through their counsel of record, Miller Stratvert P.A. (Paula G. Maynes and Michael R. Bebeau) files the following Motions in *Limine*. Pursuant to D.N.M. LR-Civ. 1.007.1, undersigned counsel has conferred with opposing counsel and has determined that this Motion is opposed:

### I.     INTRODUCTION

1. Defendants request this Court to order that all persons involved in this case including Plaintiff, any attorneys he retains, and individuals appearing on Plaintiff's behalf, be instructed not to mention or bring before the jury or bring to the jury's attention (either directly, indirectly, upon voir dire, opening statements, examination of witnesses, argument, objections, or any other means) any of the matters set forth below, unless the matters have been brought to the attention of the Court outside of the jury's presence and the Court has issued an express ruling permitting the matters to be presented before the jury.

2. Defendants also request this Court to order that Plaintiff's counsel is required to inform Plaintiff's witnesses not to volunteer, disclose, state or mention to the jury any of the matters set forth below, unless specifically questioned on the matters after ruling by the Court.

3. Defendants also request this Court to order that the violation of any of these instructions would constitute harm to Defendants which would deprive Defendants of a fair trial, and to instruct Plaintiff that the failure to abide by the Court's order may constitute contempt and justify sanctions or a mistrial.

4. Defendants request this Court to order that the motions stipulated have been adopted and accepted by the Court.

## II. DEFENDANT'S MOTIONS IN *LIMINE*

1. **Witnesses viewing the testimony of other witnesses:** Defendants request that non-party witnesses be precluded from entering the courtroom during the testimony of other witnesses in this matter. Such a measure will aid the truth finding process by ensuring that later witnesses do no intentionally or innocently adopt the statements of earlier witnesses or otherwise allow the statements of earlier witnesses to influence their testimony, either consciously or subconsciously. Rule 615 Fed. R. Evid.

    GRANTED_____ DENIED_____ STIPULATED _____

2. **Size of law firm:** Plaintiff should be precluded from referencing the number of attorneys or legal assistants in Defendants' attorneys' law firm, the location of Defendants' attorneys' law firm, the number of attorneys or legal assistants contributing to Defendants' defense of this matter, the cost of defense, or the reputation of Defendants' attorney's law firm. Rule 401 Fed. R. Evid., Rule 402 Fed. R. Evid., and Rule 403 Fed. R. Evid..

    GRANTED_____ DENIED_____ STIPULATED _____

3. **Defendants' Representative:** Plaintiff should be prohibited from mentioning or referencing the presence, the absence, or the identity/title/rank of Defendants' representative. Such information has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable, it may confuse the jury, and it may be unfairly prejudicial to Defendants in this matter. Rule 401 Fed. R. Evid. and Rule 403 Fed. R. Evid.

   GRANTED_____ DENIED_____ STIPULATED _____

4. **Jury putting itself in Plaintiff's position:** Suggesting or asking the jurors to place themselves in the position of Plaintiff is improper and would appeal to passions and sympathies. Rule 403 Fed. R. Evid.

   GRANTED_____ DENIED_____ STIPULATED _____

5. **Absent witnesses:** Mentioning or making reference to the failure to call any witness that is equally available to all parties or any witness that is not available to or under the control of Defendants or tendering, referring to, reading from, offering or exhibiting any *ex parte* statements, or reports from any witness who is not then and there present in Court to testify and subject to examination by Defendants' counsel. Rule 401 Fed. R. Evid. and Rule 403 Fed. R. Evid.

   GRANTED_____ DENIED_____ STIPULATED _____

6. **Probable testimony:** Mentioning or stating to the jury the probable testimony of a witness who is absent or unavailable to Defendants. Also, mentioning any failure on the part of Defendants to call any expert witness employed to express an opinion. Rule 401 Fed. R. Evid. and Rule 403 Fed. R. Evid.

   GRANTED_____ DENIED_____ STIPULATED _____

7. **Personal beliefs or opinions of Plaintiff:** Any statement or remark by Plaintiff as to his personal beliefs or opinions (as opposed to stating what the facts will show or argument regarding the facts in evidence) concerning the equities or justice inherent in Plaintiff's case, or Plaintiff's right to recover damages for the reason that the same has been held to be improper argument and comments to the jury. *Douglas v. Workman*, 560 F.3d 1156, 1179 (10th Cir. 2009).

   GRANTED_____ DENIED_____ STIPULATED _____

8. **Defendants as a public entity:** Plaintiff should not attempt to imply that a defendant which is a public entity has fewer rights under the law than a natural person. Such references are irrelevant under Rule 401 Fed. R. Evid., unfairly prejudicial under Rule 403 Fed. R. Evid., and incorrect. Any reference to the fact that Defendant is publically funded, or any related reference would be irrelevant, prejudicial, and unduly confusing to the jury and therefore inadmissible under Rule 403 Fed. R. Evid.

   GRANTED_____ DENIED_____ STIPULATED _____

9. **Mischaracterization of the role of the jury:** Defendants requests this Court to instruct Plaintiff, Plaintiff's witnesses, and any counsel that Plaintiff retains to refrain from improper argument and comment regarding the role of the jury. The Court should allow no statements or appeal to the jury invoking it to be the "conscience of the community" in this case with respect to the verdict. Statements that the jury should send a message or make the community proud are likewise inappropriate. Such statements suggest to the jury that it should rule on matters not relevant to the facts of the case, and in addition, such inaccurate statements of the law are the very concern of the Rule 403 Fed. R. Evid. preclusion of unfairly prejudicial evidence.

   GRANTED_____ DENIED_____ STIPULATED _____

10. **Improper or prejudicial comparisons:** References in any manner or making prejudicial comparisons between the conduct of Defendants and other public entities would inflame or appeal to the passions of the jury, and such references are improper and may not be cured by an instruction. Rule 401 Fed. R. Evid., Rule 402 Fed. R. Evid., and Rule 403 Fed. R. Evid.

    GRANTED_____ DENIED_____ STIPULATED _____

11. **Mischaracterization of evidence:** References    in    any    manner    or mischaracterizing evidence as an admission would inflame or appeal to the passions of the jury, and such references are improper and may not be cured by an instruction. Rule 401 Fed. R. Evid., Rule 402 Fed. R. Evid., and Rule 403 Fed. R. Evid.

    GRANTED_____ DENIED_____ STIPULATED _____

12. **Procedural history:** Discussing the procedural history of this case and any rulings on particular motions is irrelevant to the factual dispute at issue and would inflame or appeal to the passions of the jury, and such references are improper and may not be cured by an instruction. Rule 401 Fed. R. Evid., Rule 402 Fed. R. Evid., and Rule 403 Fed. R. Evid.

    GRANTED_____ DENIED_____ STIPULATED _____

13. **Settlement or negotiations:** Mentioning or asking any questions regarding settlement demands, offers, or negotiation between parties in an effort to resolve this dispute are inadmissible. Rule 408 Fed. R. Evid.

    GRANTED_____ DENIED_____ STIPULATED _____

14. **Motions in *limine* and discovery issues:** References to pre-trial evidentiary arguments, motions, and legal positions regarding the scope of evidence at trial and the presentation of evidence would be irrelevant to the issues in dispute and likely to confuse the jury. Rule 401 Fed. R. Evid. and Rule 403 Fed. R. Evid. References to discovery disputes between the parties, Defendant's decisions on what discovery to seek, or on this Court's ruling on discovery and evidentiary issues are likewise irrelevant to the issues in dispute and likely to confuse the jury. Rule 401 Fed. R. Evid. and 403 Fed. R. Evid.

    GRANTED_____ DENIED_____ STIPULATED _____

## III. CONCLUSION

Defendants move this Court to order that each of the above matters are generally inadmissible, irrelevant, highly prejudicial to Defendants, and would deny Defendants the right to a fair trial even if a timely objection was made and sustained. Defendants also moves this Court for its Order that, should any matters set forth above become material or admissible, that Plaintiff should bring such matters to the Court's attention outside the presence of the jury and should receive a favorable ruling thereon before mentioning those items to the jury.

WHEREFORE, Defendants request that this Court grant these motions in their entirety and enter an order suppressing all the above-enumerated items until such time as those items have first been presented to the Court outside the hearing and presence of the jury and that the Court has made its ruling on the admissibility thereof, and for all other relief this Court deems appropriate and just.

Respectfully Submitted,

MILLER STRATVERT P.A.

By: */s/ Michael R. Bebeau*
Paula G. Maynes
Michael R. Bebeau
Attorneys for Defendant
P.O. Box 1986
Santa Fe, New Mexico 87504
Telephone: (505) 989-9614
Facsimile: (505) 989-9857
pmaynes@mstlaw.com
tmack@mstlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2020 I filed the foregoing electronically through the CM/ECF system and served it by mail on the following parties:

**U.S. MAIL**

**PLAINTIFF,** *pro se***:**
Thomas Hare
311 Lauren Street #1
Olean, NY 14760
thomasehare@yahoo.com

 */s/Michael R. Bebeau*
Michael R. Bebeau