**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

THOMAS HARE,

      Plaintiff,

v.                                                                                          Civ. No. 19-1091 RCB/GJF

BEN BAUR, *Chief Public Defender, State*
*of New Mexico Law Offices of the Public*
*Defender*, et al.,

      Defendants.

**ORDER DENYING PLAINTIFF'S**
**AMENDED MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court on Plaintiff's "Amended Motion for Protective Order

Under Fed. R. Civ. Pro. 26(c) or Alternatively to Terminate Defendants' Noticed Deposition Under

Fed. R. Civ. Pro. 30(d)(3)(A)" [ECF 102] ("Motion"). The Motion is fully briefed. *See* ECF 108

(response); ECF 115 (reply). For the reasons stated below, Plaintiff's Motion is **DENIED**.

**I.**       **RELEVANT BACKGROUND AND PROCEDURE**

Plaintiff, Thomas Hare, is an attorney proceeding pro se. ECF 1. Plaintiff brought claims

against Defendants Bennett Baur, Jennifer Birmingham, Michelle Haley, James Walker, and the

State of New Mexico Law Offices of the Public Defender ("LOPD") under Title VII of the Civil

Rights Act, 42 U.S.C. §§ 2000e–2000e-17, 42 U.S.C. § 1981, N.M. Stat. §§ 30-13-3, 41-4-1 to 41-

4-30, and 41-7-1 to 41-7-6. *Id.* at 3. The Court has since dismissed Plaintiff's state law claims

under Sections 41-4-1–30 and 41-4-1–6 with respect to Defendants Birmingham, Walker, and

Haley. ECF 85 at 5 n. 3. But because it was "unclear from his Complaint whether [Plaintiff]

intend[ed] to bring claims under the [New Mexico Tort Claims Act] against Defendants Baur or

LOPD," Plaintiff's state law claims were not dismissed against them. *Id.*

Discovery closed on September 11, 2020, and Plaintiff's deposition has yet to be taken. ECF 28. On July 15, 2020, Defendants attempted to schedule a deposition with Plaintiff. ECF 108-1. Plaintiff responded on July 20, 2020, by advising that he did not "have any availability from August 10, 2020 through September 11, 2020" due to his professional commitments. ECF 108-2 at 2. Judge Brack has previously ordered Plaintiff to "work with Defendants in good faith to find a date for his deposition before discovery ends." ECF 85 at 7. Judge Brack has also advised Plaintiff that if he either was unable or refused to "schedule his deposition before the expiration of discovery, he should fully expect that discovery will be extended for that express purpose and that sanctions are available to the Court." *Id.*

In the document titled "Plaintiff's Objections to Judge Brack's Memorandum Order and Opinion Issued as Document 85 of the Record," Plaintiff indicated that he was "prepared to sit for the deposition on" either September 4, 2020, or September 11, 2020. ECF 87 at 9. On August 20, 2020, Defendants requested that Plaintiff appear for a deposition on September 4, 2020. ECF 101 at 13. Plaintiff objected to Defendants' request on three bases: (1) Defendants attempted to schedule the deposition via email although they were aware that Plaintiff does not have internet access; (2) the scheduling letter required Plaintiff to respond within three days—which was not possible considering he can only correspond via mail; and (3) the scheduling letter did not address Plaintiff's concerns that the deposition would seek information related to his state tort claims. ECF 101 at 16. On August 26, 2020, Defendants noticed Plaintiff's deposition for September 11, 2020. ECF 101 at 10.

The present Motion was filed on September 11, 2020. ECF 101.[1] Therein, Plaintiff asks

the Court to terminate the noticed September 11, 2020 deposition. ECF 102. In addition, Plaintiff

requests that he be granted a protective order, under Federal Rules of Civil Procedure 26(c) and

30(d)(3)(A), prohibiting Defendants from taking his deposition. In the alternative, Plaintiff asks

the Court to limit the scope of his deposition to preclude discussion of Plaintiff's dismissed state

tort claims.

## II.      RELEVANT PROCEDURAL LAW

### A.  Scope of Discovery

The scope of discovery as defined by Rule 26 of the Federal Rules of Civil Procedure is

familiar:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit. Information within
> this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The language of Rule 26 should be "liberally construe[d]," *Anaya v. CBS*

*Broad., Inc.*, 251 F.R.D. 645, 649 (D.N.M. 2007), so that trial may be "less a game of blind man's

bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable

extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958); *see also Equal Emp.*

*Opportunity Comm'n v. Bok Fin. Corp.*, Civil No. 11-1132 RB/LFG, 2013 WL 12047029, at *11

(D.N.M. Jan. 25, 2013) (same). But, at the same time, the Court must avoid permitting any party

---

[1] This Order cites to the amended version of Plaintiff's Motion, which corrected an error present in the footer of the original. *See* ECF 102 at 1.

"to engage in a 'fishing expedition' in the hope of supporting" his or her claims or defenses. *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018) (quoting *McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th Cir. 2002) (unpublished)).

### B. Protective Orders

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for *good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." (emphasis added). The party seeking the order has the burden of establishing good cause. *Velasquez v. Frontier Med. Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005). A protective order may take many forms, including a flat denial of a discovery request or ordering that the request be limited to certain matters. *See* Fed. R. Civ. P. 26(c)(1)(A), (D).[2]

### III.   DISCUSSION

To the extent the Motion seeks relief from the September 11, 2020, deposition date, Plaintiff's request is denied as moot. As Defendants have aptly put it: "September 11, 2020 has come and gone." ECF 108 at 3.

The Court also denies Plaintiff's request to be granted a protective order barring Defendants from taking his deposition. For this request, Plaintiff relies exclusively on *USAA Casualty Ins. Co. v. Hancock*, CIVIL NO. 12-1062 RB/LFG, CIVIL NO. 12-1257 RB/LAM, 2013 WL 12328888 (D.N.M. Sept. 25, 2013). *See* ECF 102 at 6–8. There, the Plaintiff sought a declaratory judgment on whether a set of insurance policies covered wrongful death damages

---

[2] Similarly, under Rule 30(d)(3)(A) a deponent may move to terminate or limit the deposition if it "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent." Under Rule 30(d)(3)(B), "[t]he court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c)."

arising from an "execution style shooting death." *Id.* Importantly, the court noted that the litigation did not involve a breach of contract claim. *Id.* at \*2. The defendant sought instead to depose a claims representative employed by the plaintiff to ask questions "about the language in the exclusions portions of the policy, how those terms are interpreted, and what manuals or guides" the employee used to "interpret policy language." *Id.* at \*3. The court observed that the lawsuit was not about policy interpretation—rather, the dispute was about whether an exclusion applied to a certain set of facts. *Id.* Because the proposed content of the deposition was irrelevant, the court found good cause to grant the protective order and prevented defendant from deposing the employee. *Id.* at \*4.

Unlike *Hancock*, the person sought to be deposed here is Plaintiff himself—the principal actor in the drama before the Court. For that reason, the Court does not find that the content of Plaintiff's deposition will be irrelevant. Because the Court does not find that the questions to be asked of Plaintiff will yield irrelevant answers, the Court is convinced that *Hancock* is distinguishable.

Last, the Court declines to narrow the scope of Plaintiff's deposition to preclude Defendants from asking about topics potentially related to the dismissed state tort claims. *See* ECF 102 at 2–3, 7–8; ECF 115 at 1–2. As noted above, the scope of discovery is broad. *See Anaya*, 251 F.R.D. at 649. Plaintiff has not shown that there is a discrete body of evidence applying *only* to his state law claims. Rather, as the Court understands it, the information relevant to Plaintiff's claims is fluid and does not lend itself to rigid categorization. Furthermore, the Court finds itself incapable of delineating with surgical precision which pieces of information relate *solely* to the dismissed claims from those that relate to still-pending claims. Because it is Plaintiff's burden to make such

a showing, and because Plaintiff has not done so, the Court will deny Plaintiff's request for a preemptive protective order.

In sum, Plaintiff's request to terminate the September 11, 2020, deposition is denied as moot. In addition, Plaintiff has failed to meet his burden to establish that there is good cause to either prohibit Defendants from taking his deposition or, in the alternative, to narrow the scope of his deposition as requested. *See Velasquez*, 229 F.R.D. at 200 ("It is the party seeking the protective order who has the burden to show good cause for a protective order.").

IV.    **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are to schedule *and* conduct a remote deposition of the Plaintiff no later than **November 16, 2020**.[3]

**IT IS FURTHER ORDERED** that upon completion of the deposition, Defendants shall file a certificate of compliance with the Court indicating that Plaintiff's deposition was taken.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[3] If the parties fail to successfully conduct the deposition by **November 16, 2020**, via remote means, the Court will order the deposition to be conducted in person at the United States Courthouse in Las Cruces, New Mexico.

6