IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS HARE,

    Plaintiff,

v.   No. CIV 19-1091 RB/GJF

BEN BAUR, CHIEF PUBLIC DEFENDER,
STATE OF NEW MEXICO LAW OFFICES
OF THE PUBLIC DEFENDER, JENNIFER
BIRMINGHAM, an individual, JAMES
WALKER, an individual, and MICHELLE
HALEY, an individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Dr. Hare seeks to strike Defendants' timely filed response to his motion for summary judgment. (Doc. 100.) The Court will deny the motion.

### I.   Background

Dr. Hare moved for summary judgment on June 18, 2020. (Doc. 61.) Rather than file a substantive response to the motion, Defendants moved for time to conduct additional discovery under Federal Rule of Civil Procedure 56(d). (Doc. 71.) The Court denied the motion and ordered Defendants to substantively respond to the motion no later than August 19, 2020. (Doc. 85.) The Court allowed Dr. Hare to file a reply brief "no later than 14 days after Defendants file[d] their response." (*Id.* at 7.) Dr. Hare now argues that Defendants' response should be stricken for a variety of reasons. (*See* Doc. 100.) Alternatively, he seeks 14 days to file a reply brief. (*Id.* at 19.)

### II.   Analysis

    **A.   The Court will not strike Defendants' response pursuant to the local rules.**

Dr. Hare moves to strike "[p]ursuant to the requirements of D.N.M. LR-Civ. 56.1(b) (Bullet

#2) and 7.4 . . . ." (*Id.* at 1.) The relevant portion of Rule 56.1(b) provides that "[a]ll material facts set forth in [a motion for summary judgment] will be deemed undisputed unless specifically controverted." Rule 7.4 provides that a response brief "must be served and filed within [14] calendar days after service of the motion." Neither of these rules authorize a motion to strike. Moreover, Local Rule 1.7 provides that the "rules may be waived by a Judge to avoid injustice." The Court allowed Defendants to file their response brief outside of the normal time period. Consequently, Dr. Hare's motion is denied on this basis.

> B. The Court will not strike Defendants' response under Rule 12(f).

Although Dr. Hare does not rely on Federal Rule of Civil Procedure 12(f), parties seeking to strike a filing often do. Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[S]uch motions are not favored and, generally, should be denied . . . ." *Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 992 (D.N.M. 2016) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2015)). "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." *Id.* (quoting *Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps.*, No. CIV 08-0563 WYD/KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)); citing *Ysais v. N.M. Jud. Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)) ("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike."); *Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1992)). "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party

complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" *Id.* (quoting *Ysais*, 616 F. Supp. 2d at 1184); *see also* Fed. R. Civ. P. 7(a) (defining "pleadings").

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." *Id.* (quotation omitted). "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" *Id.* (quoting *Ysais*, 616 F. Supp. 2d at 1184).

In *Federal National Mortgage Association*, defendant asked the court to strike a motion and reply brief. *Id.* at 1017. The court declined to strike the filings because they were not pleadings as defined by Rule 7(a). *See id.* at 1017. The court noted that the briefs "contain[ed] legal arguments, many of them valid and correct, rather than any 'redundant, immaterial, impertinent, or scandalous matter.'" *Id.* (quoting Fed. R. Civ. P. 12(f)). Likewise, the Court declines to strike Defendants' response brief to Dr. Hare's motion for summary judgment. It is not a pleading, and the Court expressly gave Defendants leave to file it. (*See* Doc. 85 at 7.)

### C. To the extent Dr. Hare objects to or seeks reconsideration of the Court's August 6, 2020 opinion, the Court overrules the objections and denies the motion.

The bulk of Dr. Hare's motion to strike rehashes arguments he made or could have made in response to Defendants' Rule 56(d) motion. (*See* Doc. 100.) He also argues that the Court's order allowing Defendants to file a substantive response harmed him. (*See id.*) As such, it is more appropriately framed as a motion to reconsider. The Tenth Circuit has stated that in considering a motion to reconsider an interlocutory ruling under Rule 54(b), district courts may use the Rule 59(e) standard of review. *See Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). Under Rule 59(e), "[g]rounds for granting a motion to reconsider pursuant to Rule 59(e) include: '(1) an

intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). As Dr. Hare has not cited an intervening change in the controlling law or new evidence previously unavailable, the Court will analyze the motion only under the third ground.

First, Dr. Hare asserts that Defendants failed to contact him regarding their Rule 56(d) motion prior to filing it as required by D.N.M. LR-Civ. 7.1. (Doc. 100 ¶ 5.) He argues that this error required summary denial. (*Id.*) Dr. Hare is mistaken. Local Rule 7.1 provides: "a motion that omits recitation of a good-faith request for concurrence **may be** summarily denied." D.N.M. LR-Civ. 7.1(a). The Court has discretion to deny a motion for such a failure, and this does not provide a basis to grant the motion to strike or reconsider.

Dr. Hare next argues that Defendants were dilatory and engaged in "meritless delaying tactics." (Doc. 100 ¶ 6.) The Court considered similar arguments in Dr. Hare's original response to the Rule 56(d) motion and in his two subsequent "Notices." (*See* Docs. 75 at 21–22; 78; 80; 85.) The Court found that he had not cited "facts or authority to show that Defendants have been dilatory in noticing [his] deposition . . . ." (Doc. 85 at 7.) Dr. Hare offers no persuasive reason to revisit these arguments at this juncture.

Dr. Hare next refers to Defendants' Motion to Compel Discovery and for Discovery Sanctions (Doc. 88) and his argument that Defendants failed to state good cause for the motion. (Doc. 100 ¶ 13.) He further argues that Defendants' response only refers to evidence that "was easily accessible to Defendants and could have easily been produced on or before July 2, 2020." (*Id.* ¶¶ 16–17.) The Court does not find this argument provides any basis to reconsider its order allowing Defendants to file a response by August 19, 2020, nor to strike that response now.

Next, Dr. Hare argues that by requiring him to sit for a deposition in his own lawsuit, and by allowing Defendants to file a substantive response to the motion, the Court has violated his right to due process and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments. (*Id.* ¶¶ 10, 27.) These arguments are more akin to objections to the Court's order. Regarding the deposition, the Court notes again that Dr. Hare refused to work with Defendants to arrange a time for his deposition. (*See* Doc. 85 at 6–7.) On July 20, 2020, Dr. Hare informed Defendants that "it is not possible now to conduct the deposition . . . given [his] current schedule for this summer and the 2020 Fall Semester." (Doc. 80-2 at 2.) Given that discovery was set to end on September 11, 2020, Dr. Hare's blanket pronouncement that he would be unavailable for deposition for more than one month was inappropriate, as the Court advised him in its August 6, 2020 opinion. (Doc. 85 at 6–7.) As the Court stated then, this is Dr. Hare's lawsuit, and he may not flatly deny Defendants the right to depose him on the basis of inconvenience due to his location or his employment. It is his responsibility to diligently pursue the lawsuit, which includes cooperating with opposing counsel in discovery. Moreover, Dr. Hare has had ample time to file repetitive objections and motions throughout this lawsuit; thus his cries of "no time for a deposition" ring hollow. In short, the Court overrules any objection to this portion of the Court's order.

Further, the Court overrules any objection to the Court's order allowing Defendants to file a substantive response. The United States Supreme Court has "held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (gathering cases). Moreover, an order denying the Rule 56(d) motion and directing Defendants to file a substantive response is not out of the ordinary. *See, e.g.*, *Jiron v. Roth*, No. CIV 19-541 SCY/LF, 2020 WL

4050240, at *4 (D.N.M. July 20, 2020) (denying Rule 56(d) motion and directing party to file substantive response within 14 days of order); *Rabadi v. D R Horton, Inc.*, No. CV 17-1112 JCH/KBM, 2018 WL 2023530, at *2 (D.N.M. May 1, 2018) (same); *Leitgeb v. Stockton Telecomms. Co., Inc.*, No. CV 17-0346 WJ/KBM, 2017 WL 5897398, at *2 (D.N.M. Nov. 29, 2017) (same). Dr. Hare offers no relevant or persuasive legal authority to support an argument that the Court has violated his equal protection or due process rights, and his objection is overruled.

Finally, as Dr. Hare is wont to do, he makes meritless and redundant allegations against Defendants and this Court. (Doc. 100 at 9–19.) The Court will take those allegations up in a separate opinion. For purposes of this motion, the Court finds that the allegations are spurious and do not serve as a basis for striking Defendants' response or reconsidering the Court's August 6, 2020 opinion.

Dr. Hare asks that if the Court denies the motion to strike, that it alternatively grant him 14 days to file a reply. Yet, the Court gave him 14 days to file a reply brief in its August 6, 2020 opinion. (*See* Doc. 85 at 7.) Dr. Hare chose to file a meritless motion to strike, resulting in a waste of judicial time and resources and a needless delay of this matter. Still, in the interests of fairness, the Court will allow him time to file a reply brief.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendant's [sic] Response to Plaintiff's Motion for Summary Judgment (Doc. 100) is **DENIED**. Dr. Hare's reply brief is **due** no later than **December 24, 2020**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE