# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THOMAS HARE,

       Plaintiff,

v.                                        No. 2:19-cv-01091-RB-GJF

BENNETT J. BAUR, an individual;
STATE OF NEW MEXICO LAW
OFFICES OF THE PUBLIC DEFENDER;
JENNIFER BIRMINGHAM, an individual;
JAMES WALKER, an individual; and
MICHELLE HALEY, an individual;

       Defendants.

## OMNIBUS MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, DENYING MOTION TO RECONSIDER AND MOTION TO DISQUALIFY, AND STRIKING CERTAIN PAGES

**THIS MATTER** comes before the Court on: (1) Plaintiff's Objections to Judge Brack's Memorandum Order and Opinion Issued as Document 85 of the Record (Doc. 87); (2) Plaintiff's Objection to Documents 92[1] through 99 of the Record, Judge Brack's Various Rulings Overruling Various Objections made by Plaintiff to Judge Fouratt's and Judge Brack's Various Abuses of Discretion and Reversible Error (Doc. 105); (3) Plaintiff's Objections to Order Denying Plaintiff's Request for Protective Order (Doc. 127); (4) Plaintiff's Motion for Judge Brack to Reconsider and Vacate His Order at Document 98 of the Record (Doc. 136); (5) Plaintiff's Objections to Senior Judge Brack's Memorandum Opinion and Order at Document 143 (Doc. 145); and (6) Plaintiff's Motion to Disqualify Senior District Court Judge Robert Brack Due to Racism Exhibited by the Judge (Doc. 146).

---

[1] Plaintiff originally objected to Documents 92–99, but he later filed an amendment withdrawing his objection to Document 92. (*See* Doc. 109.)

## I.    The Court will strike certain pages of Plaintiff's filings.

Before the Court turns to the arguments relevant to the merits of this case, it must first address Plaintiff's continued allegations of discrimination on the part of the Court and criminal conduct on the part of opposing counsel.[2] The Court has informed Plaintiff that filing repetitive and needless objections wastes judicial resources and may result in sanctions. (*See, e.g.*, Docs. 45 at 5; 70 at 2; 93 at 1; 99 at 5–6.) It has assured Plaintiff that his duplicative allegations have been preserved for appeal and has ordered him not to raise them again. (*See, e.g.*, Docs. 96 at 4 ("Plaintiff may file objections to future orders entered by Judge Fouratt, but the arguments supporting those objections shall be limited to demonstrating that [the] orders are 'clearly erroneous' or are 'contrary to law.'") (citing Fed. R. Civ. P. 72(a)); 99 at 6 (same, regarding Judge Fouratt and the undersigned).) The Court has also found that Plaintiff's duplicative allegations of racism "serve no useful purpose, appear to be designed to harass the Court, and cause the Court and Defendants to expend valuable time addressing the Objections." (Doc. 99 at 1–2.)

Despite clear direction from the Court, Plaintiff has escalated his allegations. His filings evince nothing but contempt for the Court, and the undersigned's patience has reached its end. The Court will not dignify Plaintiff's spurious conjectures by addressing each allegation separately. Filings that "do little more than attempt to impugn (without basis) the integrity of the" Court and these proceedings "are intolerable, and [the Court] will not tolerate them." *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). "Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates." *Id.* (quotation omitted). If a litigant's filings "are

---

[2] Plaintiff has also made serious allegations of misconduct against opposing counsel. The Court has addressed some of these assertions previously (*see, e.g.*, Doc. 93 at 8–9), yet Plaintiff continues to burden the record with the same grievances and has added others. (*See, e.g.*, Doc. 87 at 11; 100 at 9–13; 127 at 6.)

abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court." *Id.* (quotation omitted). Accordingly, the Court will strike those portions of Plaintiff's filings that contain abusive material and will not consider them. The Court will **strike** the following:

- **Doc. 87**: paragraphs 6, 17, 19, 21–22, 29–30, and pages 12–14 (up to the signature block)

- **Doc. 100**: pages 9–19 (up to the signature block)[3]

- **Doc. 105**

- **Doc. 127**: paragraphs 1–2, 6, 9–13

- **Doc. 145**: paragraph 2 and pages 3–7 (up to the signature block)

The Court will also **restrict** access to the above documents to the Court and parties only.[4]

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (internal and subsequent citations omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (citations omitted). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets, quotation marks, and citation omitted).

---

[3] The Court will also restrict Plaintiff's reply brief (Doc. 114) to the motion to strike and his motion to disqualify (Doc. 146) to the parties only.

[4] "Striking" portions of the filings means that the Court will not consider them in its decision. The Court will further restrict access to the affected filings to the Court and parties only. Stricken documents may be included as part of the record on appeal.

The Court restricts Plaintiff from filing any documents that contain similar allegations against the Court or unsubstantiated allegations of misconduct against Defendants or opposing counsel. Plaintiff has preserved his objections on these bases for appeal, and the Court declines to entertain further argument on the issues. Moreover, Plaintiff shall address the Court with respect. Disrespectful or unprofessional language (*see e.g.*, Docs. 72; 105) that serves to harass the Court is unacceptable. *See Cosby v. Meadors*, 351 F.3d 1324, 1326–27 (10th Cir. 2003) ("The issue . . . is respect for the judicial process and the law.").

Should Plaintiff file additional objections, briefs, or other documents that violate these directions, the Court will strike the **entirety** of the offending document(s) from the record and will restrict access to the Court and parties only. To be clear: in this Memorandum Opinion and Order, the Court has considered Plaintiff's objections and arguments that are not based on meritless and stricken allegations. In the future, should Plaintiff submit documents that violate this Order, the Court will strike the entire document and will not consider **any** of the objections or arguments. Plaintiff is cautioned, therefore, to only file documents containing arguments that are limited to demonstrating that the Court's orders are clearly erroneous or are contrary to law. Additionally, if he continues to pepper his filings with abusive and meritless language or claims against the Court, Defendants, or opposing counsel, the Court will consider sanctions, including but not limited to the imposition of a restriction requiring Plaintiff to obtain a licensed attorney to file on his behalf, as well as dismissal of this lawsuit.

## II.    The Court will overrule the remaining portions of Plaintiff's August 17, 2020 objections (Doc. 87).

In his August 17, 2020 objections, Plaintiff complains about the Court's Memorandum Opinion and Order denying Defendants' Rule 56(d) motion and giving Defendants 14 days to file a substantive response. (*See* Doc. 85.) Plaintiff followed these objections with a motion to strike

4

Defendants' substantive response, which the Court has denied. (*See* Docs. 100; 143.) The Court will overrule these objections as well.

**Objection #1**

Plaintiff asserts that the undersigned "erred in denying Plaintiff's Motion for Entry of Default . . . on the basis that Plaintiff did not allege bad faith." (Doc. 87 at 2.) The Court did not deny the motion for default solely on the basis that Plaintiff did not allege bad faith. Instead, the Court noted that the answer was only a few days late, the Defendants had actively been litigating since the late answer, Plaintiff had suffered no prejudice, and that default judgment is disfavored. (*See* Doc. 45 at 4–5.)

It is difficult to understand why Plaintiff is raising the issue of default judgment—again—in this context. The Court has already denied his motion for default judgment (Doc. 45 (denying Doc. 10)) and overruled three sets of objections related to that denial (Docs. 65 (overruling Doc. 46); 93 (overruling Docs. 19, 49)). Plaintiff's continued insistence on raising issues this Court has already ruled on wastes judicial resources.[5] This objection is overruled.

**Objection #2**

Plaintiff insists that the undersigned has violated Tenth Circuit precedent requiring "that attempts to raise issues without sufficient briefing will result in their summary judgment [sic]." (Doc. 87 at 2 (quoting *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1095 (10th Cir. 2007) (emphasis omitted).) Plaintiff misquotes *Williams*, and his reliance on the case is misplaced. Relevant to the cited language, the plaintiffs in *Williams* sought reversal of a variety of the district court's evidentiary and discovery rulings. 497 F.3d at 1095. But the plaintiffs had either failed to

---

[5] From April 3, 2020, to December 18, 2020, Plaintiff has filed 12 separate sets of objections, objecting to 21 of the 26 opinions and orders on the docket as of December 18. Some he has objected to multiple times. (*See* Ex. 1 attached to this Opinion.) He has also filed four sets of objections to Defendants' filings since the beginning of this lawsuit. (*See* Docs. 19; 22; 31; 68.)

present objections to the district court in the first instance or had failed to adequately brief the court at the appellate level. *Id.* The plaintiffs' failure to adequately brief the issues to the Tenth Circuit led to the court's admonition "that attempts to raise issues without sufficient briefing will result in their summary **disposition**." *Id.* (emphasis added).

As the Court ruled in its order denying the motion to strike, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." (Doc. 143 at 5 (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016)).) Tenth Circuit precedent supports this notion. *Armstrong v. Bailey*, 101 F. App'x 780, 781 (10th Cir. 2004) ("Matters regarding extensions of time in which to file briefs are left to the discretion of the relevant court.") (citing *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *cf. Pepe v. Koreny*, 189 F.3d 478, at *2 (10th Cir. 1999) ("The inherent authority of a district court to manage its docket includes discretion to grant or deny continuances or extensions of time.") (citations omitted); *Luciani v. Ingle*, 282 F. App'x 641, 642 (10th Cir. 2008) (noting that "district court's decision to modify [a case management] deadline was a function of the court's authority to manage its docket") (citation omitted). This objection is overruled.

## Objection #3

Plaintiff complains that the Court cautioned him against flatly refusing to sit for a deposition, lest he be subject to sanctions. (Doc. 87 at 3.) He states, "Plaintiff did not refuse to Defendants' request to sit for a deposition as Judge Brack stated in his order." (*Id.*) Instead, he asserts that he told Defendants that "it [would] be impossible . . . to conduct a deposition by September 11, 2020 (which is the end of the discovery period)." (*Id.*) Yet, that is exactly what the Court stated in its order:

> There is evidence that Defendants have attempted to work with Dr. Hare to arrange a convenient time for a seven-hour deposition. (*See* Doc. 80-1.) Dr. Hare asserts

that Defendants' efforts were too little, too late, and **he has informed them that he is unavailable for a deposition through the end of the discovery period**. (*See* Docs. 80 ¶ 3–8; 80-2.)

(Doc. 85 at 6–7 (emphasis added).) The Court then "direct[ed] Dr. Hare to work with Defendants in good faith to find a date for his deposition before discovery ends." (*Id.* at 7.)

Plaintiff explains why scheduling a deposition in the timeframe at issue was difficult for him considering his work and the pandemic. (Doc. 87 at 4–8.) He then avows he will "work on one of his days off (Saturday) in order to free up time for Defendants' requested deposition . . . ." (*Id.* at 9.) He asserts that "the court is not requiring (and would not require) the Defendants to work on one of their 'days off' in order to accommodate a discovery request or deposition from Plaintiff." (*Id.*) He is correct: the Court has not ordered Defendants *or* Plaintiff to work on any specific day or hour. How the parties choose to manage their time is not the Court's concern. The efficient management of its docket, however, is. Plaintiff should not be surprised, as an attorney representing himself, that depositions frequently take place during the traditional workweek. As the Court stated previously, this is Plaintiff's lawsuit and "he must diligently pursue it, despite the fact that he lives out of state" and has a full-time job. (*See* Doc. 85 at 7.) *See also Celtig v. Patey*, No. 2:17-CV-01086JNPEJF, 2019 WL 4261768, at *3 (D. Utah Aug. 23, 2019), *R&R adopted sub nom.* 2019 WL 4259615 (Sept. 9, 2019) ("A party cannot bring a civil claim, refuse to sit for a deposition in the case, and expect to go to trial."). How Plaintiff juggles his responsibilities so that he may pursue his lawsuit is his own choice. This objection is overruled.

### III.    The Court will deny the motion to reconsider (Doc. 136).

After Plaintiff filed objections to Judge Fouratt's order imposing sanctions (*see* Docs. 74; 76), the Court considered and overruled his objections. (*See* Docs. 96; 97.) He now argues that Judge Fouratt's order imposing sanctions and the undersigned's order overruling his objections

violated United States Supreme Court's decision in *Goodyear Tire & Rubber Co. v. Haegar*, 137 S. Ct. 1178 (2017). (*See* Doc. 136.)

Plaintiff does not cite any legal standard in support of his motion. (*See id.*) Because the Court's opinion "was not a final judgment[,]" the motion to reconsider "is considered 'an interlocutory motion invoking the [Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'" *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)). Such authority stems from Federal Rule of Civil Procedure 54(b). *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

"Rule 54(b) provides that a district court can freely reconsider its prior rulings." *Med Flight Air Ambulance, Inc. v. MGM Resorts Int'l*, No. 17-CV-0246 WJ/KRS, 2018 WL 1997292, at *5 (D.N.M. Apr. 27, 2018) (citing *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015)). "In addition, the rule 'puts no limit or governing standard [on] the district court's ability to do so, other than that it must do so before the entry of judgment.'" *Id.* (quoting *Lujan*, 122 F. Supp. at 1238 (internal quotation marks omitted)). The Tenth Circuit has stated that a district court "*may* look to the standard used to review a motion made pursuant to . . . Rule 59(e)[,]" *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (emphasis added), but it "has not cabined district courts' discretion beyond what [R]ule 54(b) provides[,]" *Lujan*, 122 F. Supp. at 1238 (citing *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007)). Thus, in revisiting a previous order in *Med Flight Air Ambulance*, United States Chief District Judge William P. Johnson was "guided by concerns of judicial economy, avoiding piecemeal litigation, and the posture of all the parties involved." *See* 2018 WL 1997292, at *6. And in *Lujan*, United States District Court Judge James O. Browning considered (1) "how thoroughly the earlier ruling addressed the specific findings or

conclusions that the motion to reconsider challenge[d]"; (2) "the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence the parties . . . produce[d]"; and (3) the grounds courts use to consider a motion to reconsider brought under Rule 59(e). 122 F. Supp. 3d at 1238–39; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

In accordance with this authority, the Court will analyze the motion under the Rule 59(e) standard of review. "Grounds for granting a motion to reconsider pursuant to Rule 59(e) include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Ankeney*, 524 F. App'x at 458 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). As Plaintiff has not cited an intervening change in the controlling law or new evidence previously unavailable, the Court will analyze the motion only under the third ground.

Plaintiff argues that the Supreme Court's decision in *Goodyear Tire* mandates reversal of Judge Fouratt's sanctions order. (*See* Doc. 136.) But Plaintiff did not make this argument in his original objections to Judge Fouratt's order. (*See* Docs. 74; 76.) It is "inappropriate . . . to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012. For this reason alone, the Court denies the motion to reconsider.

Furthermore, the new argument is without merit. In *Goodyear Tire*, the Supreme Court was called on to "consider a federal court's inherent authority to sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees." 137 S. Ct. 1183–84. It found that any such sanctions order must be "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad

faith." *Id.* at 1184. Plaintiff argues that his failure to attend the telephone conference was not the sole reason Defendants incurred fees, because Judge Fouratt ordered Defendants to appear at the hearing. (*See* Doc. 136 at 2.) Thus, he maintains, Defendants' claimed time was incurred pursuant to the order, not because he failed to appear at the hearing. (*See id.*)

The Court does not read *Goodyear Tire* to preclude courts from sanctioning litigants for their failure to appear at a court-ordered hearing. The *Goodyear Tire* Court affirmed that a federal court's "authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" 137 S. Ct. at 1186 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). Here, Judge Fouratt made the sound finding that Plaintiff's "intentional decision to ignore a court order and skip a mandatory hearing" amounted to conduct that abused the judicial process. (Doc. 69 at 4.) The fact that Defendants would have incurred the attorney fees had Plaintiff appeared at the hearing makes no difference. Judge Fouratt's sanctions order was appropriate, compensatory, and redressed Defendants for the "losses sustained" due to Plaintiff's "misbehavior."[6] *Goodyear Tire*, 137 S. Ct. at 1186 (quotations omitted).

Finally, Plaintiff argues that "he acted in good faith" when he ignored Judge Fouratt's order directing the parties to appear at a telephonic hearing. (See Doc. 136 ¶ 4.) Again, as Plaintiff did not raise the issue of "good faith" in his original objections, the Court denies the motion to reconsider as "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *See Servants of Paraclete*, 204 F.3d at 1012 (citation omitted). Even if he had originally argued that he acted in good faith, the Court finds no error in

---

[6] While Judge Fouratt based his decision on the Court's inherent authority to impose sanctions for bad-faith misconduct (*see* Doc. 69 at 3), the undersigned notes that the sanctions were also appropriate under Federal Rule of Civil Procedure 16(f). Rule 16(f) specifically authorizes courts to issue any order, including sanctions under Rule 37, "if a party . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." *See* Fed. R. Civ. P. 16(f).

Judge Fouratt's ruling that Plaintiff's intentional decision to disobey a court order to appear for a status conference amounted to bad faith. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (finding no clear error in district court's holding that party's intentional refusal to appear was "in bad faith and wilful and intentional disobedience to two court orders"). Plaintiff's choice to "flout[] the court's authority" warranted sanctions. *See id.* The Court denies the motion.

## IV.    The Court will overrule the objections in Document 127.

In his Objections to Order Denying Plaintiff's Request for Protective Order (Doc. 127), Plaintiff objects to Judge Fouratt's Order denying his motion for protective order (Doc. 122). Only the second objection remains; the other objections have been stricken.

In his second objection, Plaintiff asserts: "Defendants were required to consult with Plaintiff prior to scheduling the deposition on September 11, 2020, which they failed to do . . . ." (Doc. 127 at 2.) The Court overrules this objection as moot because the deposition scheduled for September 11, 2020, did not occur. Furthermore, Defendants' alleged failure to consult before scheduling the deposition does not demonstrate that Judge Fouratt's determination of the scope of the deposition is clearly erroneous or is contrary to law.  See Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law").

## V.    The Court will overrule the objections in Document 145.

Plaintiff filed a motion to strike Defendants' response to his motion for summary judgment, which the Court denied. (Docs. 100; 143.) He now objects to the order denying his motion to strike.[7] (Doc. 145.) The Court overrules Plaintiff's Objections as unnecessary.   The Court

---

[7] To the extent Plaintiff suggests that the Court "conveniently chose to ignore the fact that Plaintiff also cited the court's inherent authority to strike the Defendants' response" (Doc. 145 at 1), the objection is overruled. The Court expressed its own inherent authority to manage its docket when it allowed Defendants to file a response (Doc. 143 at 5); it then chose *not* to exercise its inherent authority to strike the response it had already allowed.

previously notified Plaintiff that some objections are:

> not necessary to preserve issues for appeal. *See Ecclesiates 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling"). Such objections cause the Court and the Parties to needlessly expend time and resources. *See* Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment (stating the Court and attorneys, as officers of the Court, have an affirmative duty to ensure that civil litigation is resolved not only fairly, but without undue cost or delay).

(Doc. 93 at 1.) As the motion to strike Defendants' response alerted the Court to the issue and sought a ruling, these Objections are not necessary to preserve the issue for appeal. The Court has a duty to ensure that all cases are resolved without undue cost or delay. Therefore, it will not expend valuable resources addressing redundant arguments.

**VI.     The Court will deny the motion to disqualify (Doc. 146).**

Plaintiff moves for recusal pursuant to 28 U.S.C. §§ 144 and 455. (Doc. 146.) The Tenth Circuit has stated that "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citations omitted). Because there is no legitimate reason for the undersigned to recuse, the Court will deny the motion.

**A.     Legal Standards**

Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The standard for recusal under § 455(a) is one of objective reasonableness." *Nevarez-Barela v. United States*, No. CR 17-00862 KG, 2020 WL 1495753, at *1 (D.N.M. Mar. 27, 2020), *appeal dismissed*, No. 20-2045, 2020 WL 6039101 (10th Cir. Apr. 15, 2020) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n. 7 (1988); *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993)). A judge's bias or prejudice is "evaluated on an *objective*

12

basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). "Under § 455, a judge should recuse if a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Nevarez-Barela*, 2020 WL 1495753 (citing *Am. Ready Mix v. Behles*, 14 F.3d 1497, 1501 (10th Cir. 1994)) (subsequent citations omitted). "An unsubstantiated suggestion of personal bias or prejudice is insufficient to mandate recusal under section 455." *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1027 (10th Cir. 1988) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Instead, the litigant must establish facts "that would 'cause a reasonable man to doubt the judge's impartiality.'" *Id.* (quoting *Hines*, 696 F.2d at 729). Critically, "a motion to recuse cannot be based solely on adverse rulings." *Id.* at 1028 (citations omitted); *cf. In re Int'l. Bus. Machs. Corp.*, 618 F.2d 923, 929 (2d Cir. 1980) (finding that adverse rulings do not "per se create the appearance of bias under section 455(a)"). Nor should a judge "recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted).

Section 144 provides:

> Whenever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . .

"[A]ffidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted). The burden is not "on the judge to prove that he is impartial." *Nevarez-Barela*, 2020 WL 1495753, at *2 (citing *Burger*, 964 F.2d at 1070). "Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification." *Burger*, 964 F.2d at 1070.

"Sections 144 and 455 do not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." *Nevarez-Barela*, 2020 WL 1495753, at \*2 (citing *Nichols*, 71 F.3d at 351; *Bryce v. Episcopal Church*, 289 F.3d 648, 659–60 (10th Cir. 2002); *In re McCarthey*, 368 F.3d 1266, 1269–70 (10th Cir. 2004)). "A movant's factual allegations do not have to be taken as true." *Id.*

### B.     Discussion

The Court previously denied Plaintiff's requests for the undersigned to recuse because he had "not alleged any relevant facts supporting [his] belief that the undersigned is biased." (Doc. 65 at 2.) Notably, Plaintiff first complained of "judicial misconduct" based on his belief that the undersigned failed to follow relevant law regarding default judgment. (*See* Doc. 46 ¶ 12.) In this motion to disqualify, Plaintiff bases his accusations of bias on adverse rulings. (*See* Doc. 146.) Regarding Plaintiff's dissatisfaction with the Court's rulings on the motion for default judgment, the Rule 56(d) motion, and the motion to strike (*see id.* at 1–3), the Court has already provided authority for its decisions and declines to do so again here. (*See* Docs. 45; 85; 143.)

Plaintiff next complains that the Court engaged in "ex parte communications" by denying Defendants' motion to supplement without waiting for his response brief. (Doc. 146 at 3–4 (citing Doc. 142).) The Court has already denied previous objections based on alleged "ex parte communications" and will not repeat its reasoning here. (Doc. 45 at 3.) Moreover, the Court denied the motion to supplement because Defendants did not allege that they had requested Plaintiff's concurrence. (*See* Doc. 142.) The Local Rules explicitly provide that the Court may summarily deny a motion that omits such a request. D.N.M. LR-Civ. 7.1(a). Any objection or allegation of bias on this basis is meritless.

While a judge need not prove non-bias, the undersigned firmly states for the record that I

harbor no animus toward or bias against any litigant based on race, gender, sexual orientation, or creed. Never have; never will. I hold my oath of office as inviolable:

> that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as [a Senior United States District Judge] under the Constitution and laws of the United States.

*See* 28 U.S.C. § 453; *see also* Code of Conduct for United States Judges, Canon 3 ("A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently").

To my knowledge, I have never met Plaintiff, and he has never appeared in my court. Until he raised meritless allegations of discrimination against the Court, I had no idea what race he is. Moreover, Plaintiff's race has never factored into my decisions in this lawsuit.

In short, Plaintiff's affidavit and argument in this motion is purely based on speculation, is unsubstantiated, and has no basis in truth. No objectively reasonable person looking at these facts would doubt the undersigned's impartiality. Because the undersigned has a duty to remain on this case, *see Nichols*, 71 F.3d at 351, Plaintiff's motion will be denied.

While Plaintiff is representing himself in this matter, he is a licensed attorney who promised to uphold certain standards. In New Mexico, the Creed of Professionalism obligates attorneys to conduct themselves "in accordance with the . . . Creed of Professionalism when dealing with . . . opposing parties, their counsel, the courts, and any other person involved in the legal system . . . ." *See* Creed of Professionalism, https://www.nmbar.org/Nmstatebar/For_Members/Creed_of_Professionalism.aspx (last visited Dec. 24, 2020); *see also* D.N.M. LR-Civ. 83.9 ("Lawyers appearing in this District must comply with the section for lawyers of 'A Creed of Professionalism of the New Mexico Bench and Bar.'"); *Guide for Pro Se Litigants*, U.S. District Court, District of N.M., at *4, https://www.nmd.uscourts.gov/sites/nmd/files/ProSePackage.pdf (Nov. 2019) ("Generally, pro se litigants are held to the same standards of

15

professional responsibility as trained attorneys."). "With respect to the courts[,]" the Creed requires that attorneys "will refrain from filing frivolous motions" and "will be respectful toward and candid with the court . . . ." Creed of Professionalism.[8]

Plaintiff's conduct in this matter, through his unprofessional filings and his spurious allegations based on adverse rulings that he does not like, is antithetical to the Creed of Professionalism. The Court cautioned Plaintiff above that his failure to comply with the Court's order may lead to sanctions, including but not limited to the imposition of a restriction requiring Plaintiff to obtain a licensed attorney to file on his behalf, as well as dismissal of this lawsuit. If his venom-spewing and blatant disrespect continue in defiance of this order, the Court also has punitive sanctions available to it under Federal Rule of Criminal Procedure 42. *See Dartez v. Peters*, 759 F. App'x 684, 690 (10th Cir. 2018) ("The primary purpose of a criminal contempt is to punish defiance of a court's judicial authority.") (quoting *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 499–500 (10th Cir. 1980); citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911) (describing criminal contempt sanction as "punitive, to vindicate the authority of the court")). That the Court is even considering criminal contempt sanctions in a civil case is a rarity, but so too is conduct such as Plaintiff's.

**THEREFORE,**

**IT IS ORDERED** that the following documents will be **RESTRICTED** to Court and parties only: Documents 87; 100; 105; 114; 127; 145; 146. Portions of these documents will be **STRICKEN** as outlined in Section I above, and the Court will not consider the stricken portions;

---

[8] Even had Plaintiff not taken an oath as an attorney, the Tenth Circuit has held:

> Although recognizing the leniency typically given to pro se plaintiffs, . . . This court simply will not allow the liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge.

*Garrett*, 425 F.3d at 841 (quotation marks and citation omitted).

**IT IS FURTHER ORDERED** that Plaintiff is **RESTRICTED** from filing any documents that contain allegations against the Court, Defendants, or opposing counsel as outlined in Section I above. Failure to abide by this order will result in any offending documents being expunged from the docket, with further sanctions available to the Court;

**IT IS FURTHER ORDERED** that Plaintiff's Objections to Judge Brack's Memorandum Order and Opinion Issued as Document 85 of the Record (Doc. 87) are **OVERRULED**;

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Documents 92 through 99 of the Record, Judge Brack's Various Rulings Overruling Various Objections made by Plaintiff to Judge Fouratt's and Judge Brack's Various Abuses of Discretion and Reversible Error (Doc. 105) is **STRICKEN**;

**IT IS FURTHER ORDERED** that Plaintiff's Objections to Order Denying Plaintiff's Request for Protective Order (Doc. 127) are **OVERRULED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judge Brack to Reconsider and Vacate His Order at Document 98 of the Record (Doc. 136) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Objections to Senior Judge Brack's Memorandum Opinion and Order at Document 143 (Doc. 145) are **OVERRULED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Disqualify Senior District Court Judge Robert Brack (Doc. 146) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

**Exhibit 1**

| Orders | Objections to Orders and Opinions |
|---|---|
| (1) Doc. 12: Initial scheduling order | (1) Doc. 46: Objections to Doc 12<br>(5) Doc. 67: Renewed objections to Doc. 12 |
| (2) Doc. 14: Order resetting hearing | (1) Doc. 46: Objections to Doc. 14<br>(5) Doc. 67: Renewed objections to Doc. 14 |
| (3) Doc. 28: Scheduling order | (1) Doc. 46: Objections to Doc. 28<br>(5) Doc. 67: Renewed objections to Doc. 28 |
| (4) Doc. 29: Order setting status conference | (1) Doc. 46: Objections to Doc. 29 (objecting to "all orders" entered by Judge Fouratt)<br>(5) Doc. 67: Objections to Doc. 29 (objecting to "all orders" entered by Judge Fouratt) |
| (5) Doc. 45: MOO denying default judgment & striking obj. to Defendants' filings | (2) Doc. 49: Objections to Doc. 45<br>(3) Doc. 50: Supplemental Objections to Doc. 45<br>(9) Doc. 87: Supplemental Objections to Doc. 45 |
| (6) Doc. 52: Ord. set stat. conf. | (4) Doc. 54: Objections to Doc. 52<br>(5) Doc. 67: Renewed Objections to Doc. 52<br>(5) Doc. 67: Renewed objections to Doc. 52 |
| (7) Doc. 53: Order to show cause re: failure to appear | (4) Doc. 54: Objections to Doc. 53<br>(5) Doc. 67: Renewed Objections to Doc. 53 |
| (8) Doc. 56: Order setting status conference | (5) Doc. 67: Objections to Doc. 56 |
| (9) Doc. 57: Order requiring accounting | (5) Doc. 67: Objections to Doc. 57 |
| (10) Doc. 65: MOO overruling Doc. 46 | (6) Doc. 72: Objections to Doc. 65 |
| (11) Doc. 66: Order to show cause re: electronic filing | (6) Doc. 72: Objections to Doc. 66 |
| (12) Doc. 69: Order imposing sanctions | (7) Doc. 74: Objections re: Doc. 69<br>(8) Doc. 76: Objections to Doc. 69 |
| (13) Doc. 70: MOO overruling Doc. 67 | *No objections* |

| (14) Doc. 77: Order vacating status conference | *No objections* |
|---|---|
| (15) Doc. 85: MOO denying Rule 56(d) motion | (9) Doc. 87: Objections re: Doc. 85 |
| (16) Doc. 92: Order setting hearing | *No objections* |
| (17) Doc. 93: MOO overruling Docs. 19, 22, 31, 49, 50 & denying Doc. 40 (motion to strike pleadings) | (10) Doc. 105: Objections re: Doc. 93 |
| (18) Doc. 94: MOO overruling Doc. 54 | (10) Doc. 105: Objections re: Doc. 94 |
| (19) Docs. 95 & 98: MOO & Amended MOO overruling Doc. 68 | (10) Doc. 105: Objections re: Doc. 98 |
| (20) Doc. 96: MOO overruling Doc. 74 | (10) Doc. 105: Objections re: Doc. 96 |
| (21) Doc. 97: MOO overruling Doc. 76 | (10) Doc. 105: Objections re: Doc. 97 |
| (22) Doc. 99: MOO overruling Docs. 66, 72 | (10) Doc. 105: Objections re: Doc. 99 |
| (23) Doc. 111: Order denying Defendants' motion to compel | *No objections* |
| (24) Doc. 122: Order denying Plaintiff's motion for protective order | (11) Doc. 127: Objections to Doc. 122 |
| (25) Doc. 142: Order denying Doc. 140 (motion to supplement) | *No objections* |
| (26) Doc. 143: MOO denying Doc. 100 (motion to strike) | (12) Doc. 145: Objections to Doc. 143 |