IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS HARE,

        Plaintiff,

v.                                                                                                                                           No. 2:19-cv-01091-RB-GJF

BENNETT J. BAUR, an individual;
STATE OF NEW MEXICO LAW
OFFICES OF THE PUBLIC DEFENDER;
JENNIFER BIRMINGHAM, an individual;
JAMES WALKER, an individual; and
MICHELLE HALEY, an individual;

        Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND RESTRICTING DOCUMENTS

**THIS MATTER** comes before the Court on (1) Plaintiff's Objections to Defendants' Pleading and Judge Brack's Order Filed at Documents 140 & 142 of the Record (Doc. 155); and (2) Plaintiff's Summary Judgment Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment Filed at Document 89 (Doc. 156). The Court will overrule certain objections, strike others, and restrict access to both documents to the Court and parties only.

**I.**     **Plaintiff's objections in Doc. 155 are overruled.**

Plaintiff first objects to Defendants' motion to supplement (Doc. 140) and to the Court's order denying the motion (Doc. 142) as "ex parte communications" on the basis that Defendants did not indicate whether the sought Plaintiff's position on the motion. (*See* Doc. 155 at 1–2.) The failure to seek an opposing party's position before filing an unrestricted motion is not, by definition, an "ex parte communication." "[T]he usual definition of 'ex parte communication' is '[a] generally prohibited communication between counsel and the court when opposing counsel is not present . . . .'" *United States v. Sweat*, 555 F.3d 1364, 1366 n.1 (11th Cir. 2009) (quoting

*Black's Law Dictionary* 597 (7th ed. 1999)); *see also Slevin v. Bd. Of Comm'rs for the Cty. Of Dona Ana*, No. 08-CV-1185 MV/DJS, 2012 WL 13005331, at *3 (D.N.M. Mar. 7, 2012). There was no communication between Defendants and the Court outside of Plaintiff's presence. Rather, Defendants filed a motion that did not comply with Local Rule 7.1 and the Court denied it without prejudice, which is common practice in this district. *See* D.N.M. LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."); *see also, e.g.*, *Bilton v. Berryhill*, No. CV 16-109 GJF, 2018 WL 470026, at *1 (D.N.M. Oct. 1, 2018) (noting that "in circumstances where common sense makes it so obvious that a motion will be opposed, the Court may excuse counsel's failure to comply with [Local Rule 7.1(a)]" but finding that "the instant Motion does not fall into that" category and would "be summarily denied without prejudice for failure to comply with" Rule 7.1); *Corona v. City of Clovis*, No. CV 17-805 JCH/CG, 2019 WL 1051018, at *3 (D.N.M. Mar. 5, 2019) (denying motion without prejudice for violation of Local Rules 7.1(a) and 15.1). Consequently, Plaintiff's objections in paragraphs 1–5 are overruled. For the reasons outlined in the Court's December 30, 2020 Order (*see* Doc. 151 at 2–4), the objection at paragraph 6 is **STRICKEN**.

## II.     Plaintiff's objections in Doc. 156 are overruled.

As part of his reply brief to his motion for summary judgment, Plaintiff includes objections to the Court's December 10, 2020 Memorandum Opinion and Order denying his motion to strike the Defendants' response brief. (*See* Doc. 143 (denying Doc. 100).) Plaintiff's objections in paragraphs 1, 3–9, 11, and 14 violate the Court's December 30, 2020 Order and will be **STRICKEN**.

Plaintiff's remaining objections and arguments are without merit. He first objects to the

Court's December 10 Order on the basis that he raised "new evidence" in his motion to strike. (*See* Doc. 156 ¶ 2.) His "new evidence" appears to be related to his argument the Defendants failed to state good cause for their Rule 56(d) motion or their motion to compel. (*See id.*; *see also* Doc. 100 at 4–5.) Yet, the Court addressed his "good cause" argument in its order, and Plaintiff offers no authority to show that the Court's order was erroneous.

He next complains that the Court has not commented on Defendants' "repetitive" and "redundant" documents. (Doc. 156 ¶ 10.) He cites to Defendants' Rule 56(d) motion and their motion to compel discovery. (*Id.* (citing Docs. 71; 86).) These two motions may have raised similar issues, but they requested two different types of relief. More importantly, they were addressed to different judges: the undersigned ruled on the Rule 56(d) motion, and Judge Fouratt ruled on the motion to compel. Plaintiff also cites to Defendants' motion for summary judgment, in which they note that they were presenting certain arguments that were duplicative of those they made in their response to Plaintiff's motion for summary judgment "in the interests of making a complete record." (*See id.* (quoting Doc. 103 at 1 n.1).) As Defendants are required by Local Rule to include both the material facts and the arguments in support of their motion for summary judgment, *see* D.N.M. LR-Civ. 56.1(b), any duplication was merited.

Finally, Plaintiff objects to Defendants' response to his motion for summary judgment "on the Basis that [they] consented to the allegations against him as . . . articulated in Plaintiff's Memorandum in Support of [his] Motion for Summary Judgment . . . ." (*Id.* ¶ 13.) The Court overrules this objection for the same reasons it denied his motion—this argument is meritless. (*See* Doc. 152 at 8–9.)

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Objections to Defendants' Pleading and Judge Brack's

Order Filed at Documents 140 & 142 of the Record (Doc. 155) are **OVERRULED** in part and **STRICKEN** in part as outlined above;

  **IT IS FURTHER ORDERED** that Plaintiff's Summary Judgment Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment Filed at Document 89 (Doc. 156) is **OVERRULED** in part and **STRICKEN** in part as outlined above;

  **IT IS FURTHER ORDERED** that because the documents violate the Court's December 30, 2020 Order as outlined in Section I (*see* Doc. 151 at 2–4), the Court will **RESTRICT** access to the documents to the Court and parties only.[1]

  **IT IS SO ORDERED.**

            _____
            ROBERT C. BRACK
            SENIOR U.S. DISTRICT JUDGE

---

[1] The Court recognizes that Plaintiff likely mailed these documents before receiving the December 30 Order. Thus, the Court will not impose further filing restrictions at this time.